UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY DANIELSSON,<br><br>        Plaintiff,<br><br>    v.<br><br>BLOOD CENTERS OF THE PACIFIC, et al.,<br><br>        Defendants. | Case No. 19-cv-04592-JCS<br><br>**ORDER TO MEET AND CONFER REGARDING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 14 |

Plaintiff Ruby Danielsson moves pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike portions of the answer filed by Defendant Vitalant (erroneously sued as Blood Centers of the Pacific and Blood Systems). As Danielsson acknowledges, motions to strike under Rule 12(f) are disfavored. This Court has previously denied such motions where, rather than accomplishing the rule's purpose of reducing the scope and expense of litigation, striking an affirmative defense "would not in any way limit the 'expenditure of time and money that must arise from litigating' the case" and granting the motion to strike "would be 'an empty formalism.'" *Perez v. Banana Republic*, *LLC*, No. 14-cv-01132-JCS, ECF Doc. No. 46 (N.D. Cal. Oct. 10, 2014) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *9 (E.D. Cal. June 1, 2007)); *see also, e.g.*, *Ely Holdings Ltd. v. O'Keeffe's, Inc.*, No. 18-cv-06721-JCS, ECF Doc. No. 32 (N.D. Cal. Mar. 5, 2019); *Cole v. Sierra Pac. Mortg. Co., Inc.*, No. 18-cv-01692-JCS, ECF Doc. No. 28 (N.D. Cal. Nov. 1, 2018).

In an effort to avoid such an outcome here, further briefing on Danielsson's motion is STAYED. The parties are ORDERED to meet and confer to determine whether Vitalant in fact believes that each portion of its answer challenged by Danielsson's motion is properly included

and meaningful to its defense, and whether Danielsson in fact believes that striking each portion would serve a useful purpose justifying the effort and expense of briefing and resolving the motion. The parties shall file a joint statement **no later than September 11, 2019**, indicating whether Vitalant has agreed to withdraw any portion of its answer and whether Danielsson has agreed to withdraw any portion of her motion, and for each portion of the answer that remains in dispute, certifying Vitalant's belief that the portion is properly included and both parties' belief that litigating its inclusion is a worthwhile endeavor. For any such issues remaining, Danielsson must articulate the prejudice she would suffer if the motion were not granted as to that portion of the answer.

If any part of the motion remains in dispute, Vitalant shall file its opposition brief no later than September 25, 2019, and Danielsson shall file her reply no later than October 2, 2019. The hearing noticed for October 18, 2019 is CONTINUED to October 25, 2019 at 9:30 AM.

**IT IS SO ORDERED.**

Dated: August 29, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge