THOMAS M. MCINERNEY, SBN 162055
tmm@ogletree.com
LISA M. BOWMAN, SBN 307146
lisa.bowman@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415.442.4810
Facsimile:  415.442.4870

Attorneys for Defendant VITALANT
erroneously sued herein as
Blood Centers of the Pacific and Blood Systems

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated;<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS; an unknown business entity,<br><br>　　　　Defendants. | Case No.:  3:19-cv-04592-JCS<br><br>**DEFENDANT VITALANT'S SUPPLEMENTAL FILING REGARDING AFFIRMATIVE DEFENSES** |

Pursuant to this Court's September 26, 2019, Order, and the Joint Statement and Stipulation Regarding Defendant Vitalant's Affirmative Defenses and Prayer for Relief the parties filed on September 10, 2019, Defendant Vitalant (erroneously sued herein as Blood Centers of the Pacific and Blood Systems) ("Defendant" or "Vitalant") submits this supplemental pleading with respect to its amended Affirmative Defenses and Prayer for Relief.

Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific, erroneously sued herein as Blood Centers of the Pacific and Blood Systems ("Defendant") hereby responds to plaintiff Ruby Danielsson's ("Plaintiff") unverified Complaint as follows:

## GENERAL DENIAL

Pursuant to section 431.30(d), Defendant denies each and every allegation in the Complaint.

## AFFIRMATIVE DEFENSES

Without waiving any answers and defenses, Defendant, as and for its affirmative defenses to the Complaint, alleges as follows.  For purposes of these affirmative defenses, the term "Plaintiff" incorporates and includes Plaintiff and all members of any putative class or representative group that Plaintiff purports to represent.

## FIRST AFFIRMATIVE DEFENSE

### (Consent)

1. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent Plaintiff and members of the class she seeks to represent consented to any and/or all of the conduct about which she now complains. By continuing to work at Vitalant and failing to raise concerns of any legal violations, Plaintiff consented to the activities she now challenges. Plaintiff's claims are also barred in whole or in part because, among other things, Plaintiff and/or the putative class consented to waive their meal breaks for shifts of six hours or less. Plaintiffs' claims are also barred in whole or in part because, among other things, Plaintiffs and/or the putative class waived their second meal breaks for shifts of ten hours or less. *See* Cal. Labor Code 512(a) and applicable wage orders of the California Industrial Welfare Commission.

### FIRST AFFIRMATIVE DEFENSE

### (Laches)

2. The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrine of laches. Plaintiff, among other things, failed to bring her cause of action within the statute of limitations. Also, Plaintiff sat on her rights because she began working for Defendant in 2005 and could have complained at any time since then when she perceived alleged wrongdoing.

### THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

3. Plaintiff and members of the class she seeks to represent have failed to mitigate her damages, if any. By failing to complain, Plaintiff failed to bring the alleged wrongs to the attention of Defendant so it could mitigate any alleged damages. Plaintiff also failed to mitigate her alleged damages by failing to take the meal and rest breaks that Defendant provided her.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver and/or release)

4. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of waiver and/or release, and Plaintiff and members of the class she seeks to represent are estopped from bringing such claims for relief against Defendant. Certain putative class members have released their claims by signing agreements. They also have waived their meal periods by choosing not to take their provided meal periods for individualized reasons. Defendant neither knew nor had reason to know of the alleged acts and omissions complained of in this case. Plaintiff and the putative class she seeks to represent failed to provide such notice and, therefore, are barred from bringing their claims. The claims are also barred to the extent Plaintiff and/or the putative class released Defendant from liability for the claims alleged in the Complaint. Furthermore, the claims and issues are barred to the extent they have already been litigated and adjudicated. Plaintiff's claims are barred in whole or in part to the extent Plaintiffs and/or the putative class waived their meal breaks for shifts of six hours or less. Plaintiffs' claims are also barred in whole or in part to the extent Plaintiffs and/or the putative class waived their second meal breaks for

shifts of ten hours or less. For these and other reasons, Plaintiff's complaint is barred by the doctrine of waiver and/or release.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

5. Plaintiff's Complaint is barred by the applicable statute of limitations. For example, Plaintiff only worked for Defendant until August of 2017. Thus, she cannot state a claim for wage statement penalties. The claims of Plaintiff and putative class are also barred by statutes of limitation covering other conduct alleged in the complaint including, but not limited to, California Code of Civil Procedure sections 337, 338(a), 339, 340(a) and 343; California Labor Code sections 203; and California Business and Professions Code section 17208.

### SIXTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

6. The claims of Plaintiff and members of the class she seeks to represent are barred by the doctrine of avoidable consequences because they unreasonably failed to take action to avoid the alleged damages, and some or all of the alleged damages would have been avoided by such action. For example, Plaintiff failed to bring the alleged wrongs to the attention of Defendant and failed follow Defendant's policies and procedures regarding reporting missed breaks or off the clock work.

### SEVENTH AFFIRMATIVE DEFENSE
### (Res Judicata and Estoppel)

7. Plaintiff's Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, and/or judicial estoppel.

### EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith Dispute)

8. Plaintiff and members of the class she seeks to represent are barred from recovering penalties from Defendant for its alleged willful failure to pay wages because there is a good faith dispute about whether any amounts are owed, and if any amounts are owed, what amounts are owed. For example, among other things, Defendant continued to issue paychecks in the amount it believed in good faith that it owed to Plaintiff and the putative class but which Plaintiff now disputes more

than a year after her separation from her employment.

## NINTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, and/or Recoupment)

9. Some or all of the purported causes of action in the Complaint are subject to setoff, offset and/or recoupment. For example, among other things, Defendant paid certain missed break penalties, which would offset any amounts Plaintiff claims the putative class is owed and also signed agreements with certain members of the putative class regarding the same claims in this lawsuit.

## TENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay)

10. Plaintiff and members of the class she seeks to represent cannot recover waiting time penalties pursuant to California Labor Code § 203 because any alleged failures to pay wages were based on a good faith dispute regarding the applicable law or facts.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exemptions)

11. Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent she was exempt from some or all of the provisions of the California Labor Code based on applicable exemptions. Plaintiff brings claims on behalf of all non-exempt employees, and some of these employees may have duties during the class period that qualify for the administrative or executive exemptions from the relevant wage order.

## TWELFTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

12. Plaintiff's Complaint, and each purported cause of action alleged therein, is preempted by federal law, including, but not limited to, the provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.* Further, any California state law limiting the enforceability of any arbitration agreement putative class members signed is preempted by the Federal Arbitration Act. Further, Plaintiff's Complaint is preempted by any other law that might preempt Plaintiff and the putative class' ability to recover under the Labor Code and Wage orders, including but not limited to the Labor Management Rights Act

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Claims must be Arbitrated)

13. The claims contained in Plaintiff's Compliant are barred as to some or all of the putative class members as they executed binding and enforceable arbitration agreements which, among other things, require them to submit any claims arising out of their alleged employment to bilateral arbitration.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1. That the Court deny Plaintiff's request to certify this action as a class action;
2. That Plaintiff takes nothing by this action;
3. That the Complaint be dismissed with prejudice;
4. That judgment be entered in favor of Defendant;
5. That the Court, in its discretion, award Defendant its costs and attorney fees incurred, including, but not limited to, costs and attorney fees pursuant to California Labor Code section 218.5, or any other statute providing for Defendant's recovery of fees; and
6. For such other and further relief as the Court deems just and proper.

DATED: September 26, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Lisa M. Bowman*
THOMAS M. MCINERNEY
LISA M. BOWMAN

Attorneys for Defendant VITALANT

40105456.2