Edwin Aiwazian (Cal. State Bar No. 232943)
 edwin@lfjpc.com
Arby Aiwazian (Cal. State Bar No. 269827)
 arby@lfjpc.com
Jill J. Parker (Cal. State Bar No. 274230
 jill@lfjpc.com
Jeffrey D. Klein (Cal. State Bar No. 297296)
 jeff@lfjpc.com

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:  (818) 265-1021

*Attorneys for Plaintiff* Ruby Danielsson

[*additional counsel on following page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated;<br><br>  Plaintiff,<br><br>  vs.<br><br>BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS; an unknown business entity; and DOES 1 through 100, inclusive,<br><br>  Defendants. | Case No.:  3:19-cv-04592-JCS<br><br>Honorable Joseph C. Spero<br><br>**JOINT L.R. 16-9/FED. R. CIV. P. 26(f) REPORT**<br><br>Hearing:  November 8, 2019<br>Time:  9:30 a.m.<br>Location:  G -15th Flr.<br><br>Complaint Filed: March 29, 2019<br>Trial Date:  None Set |

1 | **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
2 | Thomas M. McInerney, Bar No. 162055
    Lisa M. Bowman, Bar No. 307146
3 | Steuart Tower, Suite 1300
    One Market Plaza
4 | San Francisco, California 94105
5 | Tel:   415.442.4810
    Fax:   415.442.4870
6 | tmm@ogletree.com
    lisa.bowman@ogletree.com
7 |
8 | Attorneys for Defendant VITALANT,
    f/k/a Blood Systems, Inc.
9 | formerly d/b/a Blood Centers of the Pacific,
10 | erroneously sued herein as Blood Centers of the
     Pacific and Blood Systems

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California, Plaintiff Ruby Danielsson ("Plaintiff") and Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific erroneously sued as Blood Centers of the Pacific and Blood Systems ("Defendant" or "Vitalant") (Collectively "Parties"), by and through their undersigned attorneys, file this Fed. R. Civ. P. 26(f) Report.

**1. Jurisdiction and Service:**

As argued in Plaintiff's Motion to Remand, (Dkt. No. 16) and Reply in Support of Plaintiff's Motion to Remand (Dkt. No. 20), Plaintiff believes that Defendant has not properly established subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").

Vitalant maintains that it properly removed this matter to this Court, as explained in more detail in its Opposition to Plaintiff's Motion to Remand.  (Dkt. No. 18).

The Parties await the Court's ruling regarding Plaintiff's Motion to Remand, which is currently pending. The Parties do not know of any issues that exist regarding personal jurisdiction or venue nor of any parties that remain to be served.

**2. Facts:**

Plaintiff's Position:

Plaintiff filed this putative class action in the San Francisco County Superior Court on March 29, 2019.  On August 7, 2019, Vitalant filed its Notice of Removal, removing the case to the U.S. District Court for the Northern District of California.  (Dkt. No. 1).  On September 4, 2019, Plaintiff filed a Motion to Remand (Dkt. No. 16). On September 18, 2019, Defendant filed an Opposition to Plaintiff's Motion to Remand (Dkt. No. 18). On September 25, 2019, Plaintiff filed a Reply in Support of Plaintiff's Motion to Remand (Dkt. No. 20). As of the filing of this report, Plaintiff's Motion to Remand, Defendant's Opposition and Plaintiff's Reply are under submission and pending hearing on November 8, 2019 and/or ruling by this Court.

Plaintiff's Complaint contains ten (10) causes of action for: (1) violation of California Labor Code ("CLC") §§ 510 and 1198 (unpaid overtime); (2) violation of CLC §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of CLC § 226.7 (unpaid rest period premiums); (4) violation of CLC §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of CLC §§ 201 and 202

(final wages not timely paid); (6) violation of CLC § 204 (wages not timely paid during employment); (7) violation of CLC § 226(a) (non-compliant wage statements); (8) violation of CLC 1174(d) (failure to keep requisite payroll records); (9) violation of CLC §§ 2800 and 2802 (unreimbursed business expenses); and, (10) violation of California Business & Professions Code § 17200, et seq.

The Complaint seeks to certify the following class:

All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from March 29, 2015 to final judgment.

Defendants' Position:

Vitalant denies Plaintiff's allegations in their entirety. Specifically, Vitalant denies Plaintiff's allegations that it did not pay Plaintiff and the putative class all wages, that it did not provide them all required meal periods and rest breaks, and that it did not provide them with complete and accurate itemized wage statements. Vitalant contends it has met of its obligations to Plaintiff and the putative class, including payment of all wages and business expenses, provision of all breaks under applicable law, and maintaining requisite payroll records.

Vitalant further contends that Plaintiff's case is not well suited for class treatment and any attempts to certify this case as a class action under Fed. R. Civ. P. 23 should be denied. The members of Plaintiff's proposed class worked in several different and varying job descriptions at differing employers of record during the class period, differing locations with differing working conditions under different managers with different practices and policies. With respect to the activities that are at the heart of Plaintiff's Complaint, it is simply impossible to treat all of the putative class members as if they are similarly situated such that they can be treated as one class.

**3. Legal Issues:**

Plaintiff's Position:

Plaintiff believes that Defendant has not properly established subject matter jurisdiction under CAFA. Plaintiff is not aware of additional legal disputes at this time, though both parties believe legal disputes will arise during the course of litigation.

Defendants' Position:

Defendant believes the following legal issues exist in this matter:

1) Whether Plaintiff has established that removal under CAFA was not proper;

2) Whether Plaintiff can establish that her claims can proceed on a class-wide basis;

3) Whether Plaintiff can establish Vitalant failed to pay her or any employee she seeks to represent wages or unreimbursed business expenses;

4) Whether Plaintiff can establish Vitalant was obligated to and failed to provide meal and breaks in accordance with California law;

5) Whether Plaintiff can establish Vitalant owes penalties to Plaintiff or any employee she seeks to represent;

6) Whether Plaintiff can establish Vitalant's wage statements violated California law;

7) Whether Plaintiff can establish Vitalant did not maintain requisite payroll records;

8) Whether Plaintiff can establish that she or any employee she seeks to represent suffered damages resulting from Vitalant's alleged conduct;

9) Whether Plaintiff's action is barred, in whole or in part, by one or more of Vitalant's affirmative defenses;

10) Whether Plaintiff's action is frivolous and/or unreasonable so as to award attorneys' fees against her; and/or

11) Whether Plaintiff mitigated her damages.

**4. Motions:**

On August 28, 2019 Plaintiff filed a Motion to Strike Portions of Defendant's Answer (Dkt. No. 14). Both parties met and conferred regarding Vitalant's Answer, and Vitalant filed a supplemental pleading amending its affirmative defenses. Following the amendment, Plaintiff removed the Motion to Strike from calendar. As of the filing of this report, Plaintiff's Motion to Remand (Dkt. No. 16), Defendant's Opposition (Dkt. No. 18) and Plaintiff's Reply (Dkt. No 20) are under submission and pending hearing on November 8, 2019 and/or ruling by this Court.

Plaintiff plans to file a Motion for Class Certification.

Vitalant anticipates filing an Opposition to the Motion for Class Certification, Motions for Summary Judgment/Adjudication, Discovery Motions, and Motions *in Limine* if warranted.

**Amendment of Pleadings:**

Plaintiff does not plan to further amend the Complaint at this time, though Plaintiff notes it is possible at some point that Plaintiff may wish to add additional named plaintiffs. Vitalant does not plan to amend its Answer at this time.

5. **Evidence Preservation:**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party agrees to preserve all relevant e-mails and other electronically-stored data pursuant to the Federal Rules of Civil Procedure and applicable local rules. The Parties have agreed to meet and confer on the format and production of requested electronically stored information and data, as well as the cost of preparing such information or data as applicable.

6. **Disclosures:**

The Parties have agreed to make initial disclosures prior to the Case Management Conference.

7. **Discovery:**

No discovery has been served to date. Plaintiff plans to serve Form Interrogatories, Special Interrogatories, and Requests for Production of Documents, as well as to seek to depose Defendants' PMK(s) and potentially percipient witnesses.

Vitalant anticipates propounding written discovery requests, including but not limited to: Interrogatories, Requests for Production of Documents, and Requests for Admissions. Vitalant also intends to depose material witnesses, including but not limited to: Plaintiff, putative class members, and percipient witnesses. As Vitalant has discussed with Plaintiff's counsel, it is also its position that discovery should be limited to the workplace that was formerly Blood Centers of the Pacific, which is the entity for which the Plaintiff worked. This entity had its own payroll system, HR management, and HR policies that are distinct from other organizations or companies located in other areas of the state that now fall under the Vitalant umbrella.

The Parties do not believe there is a need to deviate from the Federal and Local rules, nor do they believe, at this time, that the Federal Rules of Civil Procedure limits should be increased as to written discovery.

The Parties agree to meet and confer in good faith in the event that a party seeks additional written discovery, depositions, or time to conduct a deposition. The parties will meet and conferred regarding the forms of ESI to be produced.  Vitalant will provide a protective order based on the Northern District model.

The parties are considering a stay on discovery in order to purse early mediation.

**8. Class Actions:**

All attorneys have reviewed the Procedural Guidance for Class Action Settlements.

**a) Plaintiff's Statement**

Plaintiff expects the class to be certified through a Motion for Class Certification ("MCC") if the case doesn't resolve via mediation.

**b) Defendants' Statement**

Vitalant disputes that this case is suitable for class treatment under Rule 23 and will oppose any motion for certification. Vitalant contends there are not questions of law and fact common to the alleged class, the claims of the representative plaintiffs are not typical of the claims of the proposed class, and the representatives will not fairly and adequately protect the interests of the proposed class. Questions affecting only individual members predominate over any questions of law or fact, if any, common to the putative class members and a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy. Vitalant believes discovery will show that there is no similarly situated class of putative members who can be properly certified as a class.

**9. Related Cases:**

The parties are not aware of any related cases at this time.

**10. Relief:**

Plaintiff's Statement

At this time, it is premature to provide a calculation of damages in this putative class action because Plaintiff seeks to conduct discovery on this issue.  Defendants are in exclusive possession of

information that will be used to calculate class damages, including the class members' dates of employment, the number of workweeks worked, the putative class members' rates of pay, putative class members' work schedules, timecard records, wage statements, payroll records, and expense reimbursement records.

Defendants' Statement

Vitalant seeks the following relief: (1) that Plaintiff take nothing by reason of complaint and that judgment be rendered in favor of Defendant; (2) that Defendant be awarded its costs of suit incurred in defense of this action; (3) that Defendant be awarded its attorney's fees incurred in defense of this action, as provided by law; and (4) such other relief as the Court deems just and proper.

**11. Settlement and ADR:**

The Parties filed the required ADR Certification before the deadline.  The Parties have not yet held settlement discussions, but they have agreed to explore early mediation, a stay on formal discovery and an informal exchange of information under the mediation privilege.  The parties are working on selecting a mediator and scheduling a mediation date.

**12. Consent to Magistrate Judge for All Purposes:**

The Parties have agreed to conduct further proceedings before a magistrate judge.

**13. Other References:**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of the Issues:**

Parties do not believe the issues can be narrowed at this time. This may be possible after the parties have had an opportunity to conduct further discovery.

**15. Expedited Trial Procedure:**

As this is a class action, the Parties do not believe the matter can be handled under the Expedited Trial Procedure.

**16. Scheduling:**

A.   **Proposed Schedule of Major Events and Deadlines**

In light of the intention to mediate early, the Parties maintain that it is premature to set a trial or class certification schedule, discovery and expert disclosure cut-offs, and a dispositive motion cut-off.  The Parties respectfully request that the Court set a further scheduling conference to address the status of the case and remaining dates after mediation has occurred.

**B. Deadline to File Motions**

The Parties do not believe the Court should set a deadline for dispositive or non-dispositive motions at this time. If the Court is so inclined, then the Parties request that the deadline be at least 60 days after the deadline to complete discovery.

**17. Trial:**

The Parties request a jury trial and believe a trial would take 10-15 days.

**18. Disclosure of Non-party Interested Entities or Persons:**

The Parties have filed the Certification of Interested Entities or Persons, confirming the Parties know of no interested parties except for the named parties, including putative class members. (Dkt. Nos. 3 and 25).

**19. Professional Conduct:**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20. Other Matters As May Facilitate:**

The parties know of no other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully Submitted,

Dated:  October 31, 2019     **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By:/s/ *Lisa M. Bowman*
Thomas M. McInerney
Lisa M. Bowman
*Attorneys for* Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific

Dated:  October 31, 2019          **LAWYERS *for* JUSTICE, PC**

By:/s/ Jeffrey D. Klein
    Jeffrey D. Klein
    *Attorneys for* Plaintiff Ruby Danielsson

**"I hereby attest that I have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document."**