UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY DANIELSSON, <br> Plaintiff, <br> v. <br> BLOOD CENTERS OF THE PACIFIC, et al., <br> Defendants. | Case No. 19-cv-04592-JCS <br><br> **RE MOTION TO REMAND** <br> Re: Dkt. No. 16 |

This is a class action that was initially filed in the Superior Court of California for the County of San Francisco. Defendant Vitalant (erroneously sued as Blood Centers of the Pacific) removed to federal court under diversity jurisdiction, 28 U.S.C. § 1332, and the Class Action Fairness Act (CAFA). Plaintiff Danielsson moved to remand the action back to state court because, she claims, Vitalant did not prove by preponderance of the evidence that the amount in controversy exceeds $5 million. The Court orders the parties to submit additional evidence related to the amount in controversy.

This case is similar to *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193 (9th Cir. 2015). There, the defendant in a wage and hour dispute removed the action to federal court under the CAFA. *Id*. at 1193. To justify the amount in controversy calculation, the defendant "relied on a declaration of its senior director of employee services and administration, which had a table listing all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period." *Id*. at 1198. The Ninth Circuit held that this was not sufficient and "vacate[d] and remand[ed] because neither side has submitted proof regarding the violation rate." *Id*. at 1195. The court "conclude[d] that 'both sides' should have an opportunity to submit evidence and argument to the district court in light of the standards we state here." *Id*. (*citing Dart Basin Operating Co. v. Owens*, 574 U.S. 81 (2014); 28 U.S.C.

§ 1446(c)(2)(B)).

Here, Vitalant provided two declarations: the original declaration of Senior Corporate Director, Total Rewards & HR Systems Elizabeth Sweeley (dkt. 5) and a second, supplemental declaration also from Ms. Sweeley (dkt. 18). These declarations estimated the number of putative class members, the number of weeks they worked during the class period, and their average hourly wage. Sweeley Decl. at ¶ 2. Ms. Sweeley based her estimates on "the databases, software and computer systems Vitalant uses to maintain its human resource records, along with the data contained within those records" along with her "personal knowledge of all the facts set forth" in the declaration. Sweeley Supp. Decl. at ¶ 1. Ms. Sweeley says that she:

> collected, reviewed, and caused to be reviewed those records . . . that are maintained in Vitalant's ordinary course of business . . . . [She] collected, reviewed, and directed Vitalant employees to review payroll and timesheet data for non-exempt employees in California from March 29, 2015 to the present . . . . This data provided each putative class member's specific dates of employment, and for each respective day of employment, from March 29, 2015 to May 25, 2019, that employee's pay rate and number of hours worked.

*Id.* at ¶ 2. These declarations are substantially similar to the declaration that the Ninth Circuit found insufficient to establish the required amount in controversy in *Ibarra*. As in that case, Ms. Sweeley's declarations do not address the violation rate. The Court follows the Ninth Circuit's directive and asks both sides to submit additional evidence related to the violation rate and the disputed amount in controversy. Defendant Vitalant has the ultimate burden of proof. *Id.* at 1199 (*citing Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006)).

The parties are ordered to submit additional evidence by December 6, 2019. Hearing is continued until December 20, 2019 at 9:30 AM.

**IT IS SO ORDERED.**

Dated: November 1, 2019

JOSEPH C. SPERO
Chief Magistrate Judge