Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS, an unknown business entity; VITALANT, an unknown business entity; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.:  3:19-cv-04592-JCS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE § 2698 ET SEQ.**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);<br>(7) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(8) Violation of California Labor Code § 1174(d) (Failure To Keep Requisite Payroll |

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

Records);
(9) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);
(10) Violation of California Business & Professions Code §§ 17200, et seq.;
(11) Violation of California Labor Code § 2698, et seq. (Private Attorneys General Act of 2004)

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff RUBY DANIELSSON ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1. This class action was originally brought in the Superior Court for the County of San Francisco pursuant of California Code of Civil Procedure section 382.

2. This Court has asserted jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

3. Upon information and belief, Defendant VITALANT f/k/a BLOOD SYSTEMS, INC. formerly d/b/a BLOOD CENTERS OF THE PACIFIC (together the "Defendant") is an Arizona non-profit corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendant maintains offices, has agents, and is licensed to transact and does transact business in this District.

## PARTIES

4. Plaintiff RUBY DANIELSSON is an individual residing in the State of California.

5. At all relevant times, Defendant was the "employer" of Plaintiff within the meaning of all applicable California state laws and statutes.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.      At all times herein relevant, Defendant and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

7.      The true names and capacities, whether corporate, associate, individual or otherwise, of Defendant and DOES 2 through 100, inclusive, are unknown to Plaintiff who sue said Defendant by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.  Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

8.      Plaintiff further alleges that Defendant directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendant employers liable under the statutory provisions set forth herein.

## **CLASS ACTION ALLEGATIONS**

9.      Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10.     The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees who worked for Defendant within the State of California at any time during the period from March 29, 2015 to final judgment.

SUBCLASS A. All current and former hourly-paid or non-exempt employees who worked for the Defendant within the State of California at any time during the period from March 29, 2015 to final judgment who earned shift differential pay/non-discretionary bonuses/non-discretionary performance pay which was not used to correctly calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages.

11.     Plaintiff reserves the right to establish subclasses as appropriate.

12.     The class is ascertainable and there is a well-defined community of interest in the litigation:

a.     Numerosity: The class members are so numerous that joinder of all class members is impracticable.  The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendant's employment records.

b.     Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

c.     Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff has no interest that is

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

antagonistic to the other class members.  Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

    d.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

    e.    <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives.  Employers of this great state violate employment and labor laws every day.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

13.    There are common questions of law and fact as to the class members that predominate over questions affecting only individual members.  The following common questions of law or fact, among others, exist as to the members of the class:

    a.    Whether Defendant's failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

    b.    Whether Defendant's had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked and missed

5

First Amended Class Action Complaint For Damages And Enforcement Under The Private Attorneys General Act, Cal. Labor Code § 2698 et seq. and Demand for Jury Trial

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

(short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendant required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendant engaged in an improper rounding policy during the relevant time period;

e.  Whether Defendant failed to use the shift differential pay/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek;

f.  Whether Defendant deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

g.  Whether Defendant failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

h.  Whether Defendant failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

i.  Whether Defendant failed to timely pay all wages due to Plaintiff and the other class members during their employment;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

j.    Whether Defendant complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

k.    Whether Defendant kept complete and accurate payroll records as required by the California Labor Code, including, *inter alia*, section 1174(d);

l.    Whether Defendant failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

m.    Whether Defendant's conduct was willful or reckless;

n.    Whether Defendant engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

o.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendant's violation of California law; and

p.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

14.    Class certification of the First through Tenth causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices have unlawfully denied Plaintiff and the other class members of overtime wages for all overtime hours worked, have denied them meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period

premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq.  The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation.  For this reason, as well as the fact that class members currently employed by Defendant may fear direct or indirect retaliation from Defendant for prosecuting an action against Defendant, the class members' interests in individually controlling the prosecution of this action is minimal.  In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendant's policies, practices, and procedures.  Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

15.     Once class certification is granted, Plaintiff will send notice to all members of the class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure.  Specifically, Plaintiff will submit a proposed notice to the Court for its approval, stating (i) the nature of this action, (ii) the definition of the certified class, (iii) the class claims, issues, and/or defenses, (iv) that a class member may enter an appearance through an attorney if he or she so desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3).

## **PAGA ALLEGATIONS**

16.     At all times herein set forth, PAGA was applicable to Plaintiff's

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employment by Defendant.

2      17.    At all times herein set forth, PAGA provides that any provision of

3  law under the California Labor Code that provides for a civil penalty, including

4  unpaid wages and premium wages, to be assessed and collected by the LWDA for

5  violations of the California Labor Code may, as an alternative, be recovered

6  through a civil action brought by an aggrieved employee on behalf of himself and

7  other current or former employees pursuant to procedures outlined in California

8  Labor Code section 2699.3.

9      18.    Pursuant to PAGA, a civil action under PAGA may be brought by an

10  "aggrieved employee,' who is any person that was employed by Defendant and

11  the alleged violator and against whom one or more of the alleged violations was

12  committed.

13      19.    Plaintiff was employed by Defendant and the alleged violations were

14  committed against her during her time of employment and she is, therefore, an

15  aggrieved employee.  Plaintiff and the other employees are "aggrieved

16  employees" as defined by California Labor Code section 2699(c) in that they are

17  current or former employees of Defendant, and one or more of the alleged

18  violations were committed against them.

19      20.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an

20  aggrieved employee, including Plaintiff, may pursue a civil action arising under

21  PAGA after the following requirements have been met:

22      a.    The aggrieved employee shall give written notice by certified

23      mail (hereinafter "Employee's Notice") to the LWDA and the

24      employer of the specific provisions of the California Labor

25      Code alleged to have been violated, including the facts and

26      theories to support the alleged violations.

27      b.    The LWDA shall provide notice (hereinafter "LWDA Notice")

28      to the employer and the aggrieved employer by certified mail

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  that it does not intend to investigate the alleged violation

2  within sixty (60) calendar days of the postmark date of the

3  Employee's Notice. Upon receipt of the LWDA Notice, or if

4  the LWDA Notice is not provided within sixty-five (65)

5  calendar days of the postmark date of the Employee's Notice,

6  the aggrieved employee may commence a civil action pursuant

7  to California Labor Code section 2699 to recover civil

8  penalties in addition to any other penalties to which the

9  employee may be entitled.

10  21.   On October 5, 2020, Plaintiff provided written notice by certified

11  mail to the LWDA and to Defendant of the specific provisions of the California

12  Labor Code alleged to have been violated, including the facts and theories to

13  support the alleged violations.  Therefore, the administrative prerequisites under

14  California Labor Code section 2699.3(a) to recover civil penalties against

15  Defendant, in addition to other remedies, for violations of California Labor Code

16  sections 201, 202, 203, 204, 226, 226.7, 510, 512, 551, 552, 1174, 1194, 1197,

17  1197.1, 1198, 2800, and 2802, have been satisfied.

18  **<u>GENERAL ALLEGATIONS</u>**

19  22.   At all relevant times set forth herein, Defendant employed Plaintiff

20  and other persons as hourly-paid or non-exempt employees within the State of

21  California, including the County of San Francisco.

22  23.   Defendant, jointly and severally, employed Plaintiff as an hourly-

23  paid, non-exempt employee, from approximately December 2005 to

24  approximately April 2017, in the State of California, County of San Francisco.

25  24.   Defendant hired Plaintiff and the other class members, classified

26  them as hourly-paid or non-exempt employees, and failed to compensate them for

27  all hours worked and missed meal periods and/or rest breaks.

28  25.   Defendant had the authority to hire and terminate Plaintiff and the

other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

26.    Defendant exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

27.    Defendant directly hired and paid wages and benefits to Plaintiff and the other class members.

28.    Defendant continue to employ hourly-paid or non-exempt employees within the State of California.

29.    Plaintiff and the other class members worked over eight (8) hours in a day, forty (40) hours in a week, and/or over six (6) days in a workweek during their employment with Defendant.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendant engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the State of California.  This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed meal periods and rest breaks in violation of California law.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to use the shift differential pay/non-discretionary bonuses/non-discretionary performance pay to correctly calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  the other class members earned shift differential pay/non-discretionary

2  bonuses/non-discretionary performance pay and overtime wages in the same

3  workweek.

4        33.    Plaintiff is informed and believes, and based thereon alleges, that

5  Defendant failed to provide Plaintiff and the other class members all required rest

6  and meal periods during the relevant time period as required under the Industrial

7  Welfare Commission Wage Orders and thus they are entitled to any and all

8  applicable premium wages. Defendant's failure included, *inter alia*, failing to

9  provide uninterrupted ten (10) minute rest periods and timely, uninterrupted thirty

10  (30) minute meal periods to Plaintiff and the other class members. Plaintiff and the

11  other class members were required to perform work during meal periods and rest

12  periods.

13        34.    Plaintiff is informed and believes, and based thereon alleges, that

14  Defendant failed to relieve Plaintiff and the other class members of all duties,

15  failed to relinquish control over Plaintiff and the other class members' activities,

16  failed to permit Plaintiff and the other class members a reasonable opportunity to

17  take, and impeded or discouraged them from taking, thirty (30) minute

18  uninterrupted meal breaks no later than the end of their fifth hour of work for shifts

19  lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted

20  meal breaks no later than their tenth hour of work for shifts lasting more than ten

21  (10) hours.

22        35.    Plaintiff is informed and believes, and based thereon alleges, that

23  Defendant knew or should have known that Plaintiff and the other class members

24  were entitled to receive all meal periods or payment of one additional hour of pay

25  at Plaintiff's and the other class member's regular rate of pay when a meal period

26  was missed, short, late, and/or interrupted, and they did not receive all meal

27  periods or payment of one additional hour of pay at Plaintiff's and the other class

28  member's regular rate of pay when a meal period was missed, short, late, and/or

interrupted.

36.    Plaintiff is informed and believes, and based thereon alleges, that Defendant failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, short, late, and/or interrupted, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, short, late, and/or interrupted.

38.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendant's failure to pay minimum wages included, *inter alia*, Defendant's effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties.

39.    Plaintiff is informed and believes, and based thereon alleges, that Defendant knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

1  discharge or resignation.

2      40.    Plaintiff is informed and believes, and based thereon alleges, that

3  Defendant knew or should have known that Plaintiff and the other class members

4  were entitled to receive all wages owed to them during their employment.

5  Plaintiff and the other class members did not receive payment of all wages,

6  including overtime and minimum wages and meal and rest period premiums,

7  within any time permissible under California Labor Code section 204.

8      41.    Plaintiff is informed and believes, and based thereon alleges, that

9  Defendant knew or should have known that Plaintiff and the other class members

10  were entitled to receive complete and accurate wage statements in accordance

11  with California law, but, in fact, they did not receive complete and accurate wage

12  statements from Defendant.  The deficiencies included, *inter alia*, the failure to

13  include the total number of hours worked by Plaintiff and the other class

14  members.

15      42.    Plaintiff is informed and believes, and based thereon alleges, that

16  Defendant knew or should have known that Defendant had to keep complete and

17  accurate payroll records for Plaintiff and the other class members in accordance

18  with California law, but, in fact, did not keep complete and accurate payroll

19  records.

20      43.    Plaintiff is informed and believes, and based thereon alleges, that

21  Defendant knew or should have known that Plaintiff and the other class members

22  were entitled to reimbursement for necessary business-related expenses.

23      44.    Plaintiff is informed and believes, and based thereon alleges, that

24  Defendant knew or should have known that they had a duty to compensate

25  Plaintiff and the other class members pursuant to California law, and that

26  Defendant had the financial ability to pay such compensation, but willfully,

27  knowingly, and intentionally failed to do so, and falsely represented to Plaintiff

28  and the other class members that they were properly denied wages, all in order to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

14

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE § 2698 ET SEQ. AND DEMAND FOR JURY TRIAL

1    increase Defendant's profits.

2        45.    During the relevant time period, Defendant failed to pay overtime

3    wages to Plaintiff and the other class members for all overtime hours worked.

4    Plaintiff and the other class members did not receive overtime compensation at

5    one-and-one-half times the regular rate of pay for all hours spent performing job

6    duties in excess of eight (8) hours per day, forty (40) hours per week, and/or for

7    their first eight (8) hours worked on the seventh day of work in a workweek.

8        46.    During the relevant time period, Defendant failed to use the shift

9    differential pay/non-discretionary bonuses/non-discretionary performance pay to

10   correctly calculate the regular rate of pay used to calculate the overtime rate for the

11   payment of overtime wages where Plaintiff and the other class members earned

12   shift differential pay/non-discretionary bonuses/non-discretionary performance pay

13   and overtime wages in the same workweek.

14       47.    During the relevant time period, Defendant failed to provide all

15   requisite uninterrupted meal and rest periods to Plaintiff and the other class

16   members.

17       48.    During the relevant time period, Defendant failed to pay Plaintiff and

18   the other class members at least minimum wages for all hours worked.

19       49.    During the relevant time period, Defendant failed to pay Plaintiff and

20   the other class members all wages owed to them upon discharge or resignation.

21       50.    During the relevant time period, Defendant failed to pay Plaintiff and

22   the other class members all wages within any time permissible under California

23   law, including, *inter alia*, California Labor Code section 204.

24       51.    During the relevant time period, Defendant failed to provide

25   complete or accurate wage statements to Plaintiff and the other class members.

26       52.    During the relevant time period, Defendant failed to keep complete

27   or accurate payroll records for Plaintiff and the other class members.

28       53.    During the relevant time period, Defendant failed to reimburse

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Plaintiff and the other class members for all necessary business-related expenses

2    and costs.

3        54.    During the relevant time period, Defendant failed to properly

4    compensate Plaintiff and the other class members pursuant to California law in

5    order to increase Defendant's profits.

6        55.    California Labor Code section 218 states that nothing in Article 1 of

7    the Labor Code shall limit the right of any wage claimant to "sue directly . . . for

8    any wages or penalty due to him [or her] under this article."

9                    **FIRST CAUSE OF ACTION**

10               **(Violation of California Labor Code §§ 510 and 1198)**

11       56.    Plaintiff incorporates by reference the allegations contained in

12   Paragraphs 1 through 55, and each and every part thereof with the same force and

13   effect as though fully set forth herein.

14       57.    California Labor Code section 1198 and the applicable Industrial

15   Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ

16   persons without compensating them at a rate of pay either time-and-one-half or

17   two-times that person's regular rate of pay, depending on the number of hours

18   worked by the person on a daily or weekly basis.

19       58.    Specifically, the applicable IWC Wage Order provides that

20   Defendant is and was required to pay Plaintiff and the other class members

21   employed by Defendant, and working more than eight (8) hours in a day, or more

22   than forty (40) hours in a week, and/or more than six (6) consecutive days in a

23   workweek, at the rate of time-and-one-half for all hours worked in excess of eight

24   (8) hours in a day, more than forty (40) hours in a week, or the first eight (8)

25   hours on the seventh day of work in a workweek.

26       59.    The applicable IWC Wage Order further provides that Defendant is

27   and was required to pay Plaintiff and the other class members overtime

28   compensation at a rate of two times their regular rate of pay for all hours worked

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    in excess of twelve (12) hours in a day.

2        60.    California Labor Code section 510 codifies the right to overtime

3    compensation at one-and-one-half times the regular hourly rate for hours worked

4    in excess of eight (8) hours in a day or forty (40) hours in a week or for the first

5    eight (8) hours worked on the seventh day of work, and to overtime compensation

6    at twice the regular hourly rate for hours worked in excess of twelve (12) hours in

7    a day or in excess of eight (8) hours in a day on the seventh day of work.

8        61.    During the relevant time period, Plaintiff and the other class

9    members worked in excess of eight (8) hours in a day, and/or in excess of forty

10   (40) hours in a week.

11       62.    During the relevant time period, Defendant intentionally and

12   willfully failed to pay overtime wages owed to Plaintiff and the other class

13   members.

14       63.    Defendant's failure to pay Plaintiff and the other class members the

15   unpaid balance of overtime compensation, as required by California laws,

16   violates the provisions of California Labor Code sections 510 and 1198, and is

17   therefore unlawful.

18       64.    Pursuant to California Labor Code section 1194, Plaintiff and the

19   other class members are entitled to recover unpaid overtime compensation, as well

20   as interest, costs, and attorneys' fees.

21                          **SECOND CAUSE OF ACTION**

22            **(Violation of California Labor Code §§ 226.7 and 512(a))**

23       65.    (Plaintiff incorporates by reference the allegations contained in

24   paragraphs 1 through 64, and each and every part thereof with the same force and

25   effect as though fully set forth herein.

26       66.    At all relevant times, the IWC Order and California Labor Code

27   sections 226.7 and 512(a) were applicable to Plaintiff's and the other class

28   members' employment by Defendant.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

67.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

68.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

69.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

70.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

71.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

72.     During the relevant time period, Defendant intentionally and

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1 willfully required Plaintiff and the other class members to work during meal

2 periods and failed to compensate Plaintiff and the other class members the full

3 meal period premium for work performed during meal periods.

4     73.    During the relevant time period, Defendant failed to pay Plaintiff and

5 the other class members the full meal period premium due pursuant to California

6 Labor Code section 226.7.

7     74.    Defendant's conduct violates applicable IWC Wage Order and

8 California Labor Code sections 226.7 and 512(a).

9     75.    Pursuant to applicable IWC Wage Order and California Labor Code

10 section 226.7(c), Plaintiff and the other class members are entitled to recover

11 from Defendant one additional hour of pay at the employee's regular rate of

12 compensation for each work day that the meal or rest period is not provided.

### THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

15     76.    Plaintiff incorporates by reference the allegations contained in

16 paragraphs 1 through 75, and each and every part thereof with the same force and

17 effect as though fully set forth herein.

18     77.    At all times herein set forth, the applicable IWC Wage Order and

19 California Labor Code section 226.7 were applicable to Plaintiff's and the other

20 class members' employment by Defendant.

21     78.    At all relevant times, California Labor Code section 226.7 provides

22 that no employer shall require an employee to work during any rest period

23 mandated by an applicable order of the California IWC.

24     79.    At all relevant times, the applicable IWC Wage Order provides that

25 "[e]very employer shall authorize and permit all employees to take rest periods,

26 which insofar as practicable shall be in the middle of each work period" and that

27 the "rest period time shall be based on the total hours worked daily at the rate of

28 ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless

19

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE § 2698 ET SEQ. AND DEMAND FOR JURY TRIAL

1    the total daily work time is less than three and one-half (3 ½) hours.

2        80.    During the relevant time period, Defendant required Plaintiff and

3    other class members to work four (4) or more hours without authorizing or

4    permitting a ten (10) minute rest period per each four (4) hour period worked.

5        81.    During the relevant time period, Defendant willfully required

6    Plaintiff and the other class members to work during rest periods and failed to

7    pay Plaintiff and the other class members the full rest period premium for work

8    performed during rest periods.

9        82.    During the relevant time period, Defendant failed to pay Plaintiff and

10   the other class members the full rest period premium due pursuant to California

11   Labor Code section 226.7

12       83.    Defendant's conduct violates applicable IWC Wage Orders and

13   California Labor Code section 226.7.

14       84.    Pursuant to the applicable IWC Wage Orders and California Labor

15   Code section 226.7(c), Plaintiff and the other class members are entitled to

16   recover from Defendant one additional hour of pay at the employees' regular

17   hourly rate of compensation for each work day that the rest period was not

18   provided.

19                    **FOURTH CAUSE OF ACTION**

20       **(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

21       85.    Plaintiff incorporates by reference the allegations contained in

22   paragraphs 1 through 84, and each and every part thereof with the same force and

23   effect as though fully set forth herein.

24       86.    At all relevant times, California Labor Code sections 1194, 1197,

25   and 1197.1 provide that the minimum wage to be paid to employees, and the

26   payment of a lesser wage than the minimum so fixed is unlawful.

27       87.    During the relevant time period, Defendant failed to pay minimum

28   wage to Plaintiff and the other class members as required, pursuant to California

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE
ATTORNEYS GENERAL ACT, CAL. LABOR CODE § 2698 ET SEQ. AND DEMAND FOR JURY TRIAL

1  Labor Code sections 1194, 1197, and 1197.1.

2      88.    Defendant's failure to pay Plaintiff and the other class members the

3  minimum wage as required violates California Labor Code sections 1194, 1197,

4  and 1197.1.  Pursuant to those sections Plaintiff and the other class members are

5  entitled to recover the unpaid balance of their minimum wage compensation as

6  well as interest, costs, and attorney's fees, and liquidated damages in an amount

7  equal to the wages unlawfully unpaid and interest thereon.

8      89.    Pursuant to California Labor Code section 1197.1, Plaintiff and the

9  other class members are entitled to recover a penalty of $100.00 for the initial

10 failure to timely pay each employee minimum wages, and $250.00 for each

11 subsequent failure to pay each employee minimum wages.

12     90.    Pursuant to California Labor Code section 1194.2, Plaintiff and the

13 other class members are entitled to recover liquidated damages in an amount

14 equal to the wages unlawfully unpaid and interest thereon.

15                    **FIFTH CAUSE OF ACTION**

16          **(Violation of California Labor Code §§ 201 and 202)**

17     91.    Plaintiff incorporates by reference the allegations contained in

18 paragraphs 1 through 90, and each and every part thereof with the same force and

19 effect as though fully set forth herein.

20     92.    At all relevant times herein set forth, California Labor Code sections

21 201 and 202 provide that  if an employer discharges an employee, the wages

22 earned and unpaid at the time of discharge are due and payable immediately, and

23 if an employee quits his or her employment, his or her wages shall become due

24 and payable not later than seventy-two (72) hours thereafter, unless the employee

25 has given seventy-two (72) hours' notice of his or her intention to quit, in which

26 case the employee is entitled to his or her wages at the time of quitting.

27     93.    During the relevant time period, Defendant intentionally and

28 willfully failed to pay Plaintiff and the other class members who are no longer

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  employed by Defendant their wages, earned and unpaid, within seventy-two (72)

2  hours of their leaving Defendant's employ.

3  94.    Defendant's failure to pay Plaintiff and the other class members who

4  are no longer employed by Defendant's their wages, earned and unpaid, within

5  seventy-two (72) hours of their leaving Defendant's employ, is in violation of

6  California Labor Code sections 201 and 202.

7  95.    California Labor Code section 203 provides that if an employer

8  willfully fails to pay wages owed, in accordance with sections 201 and 202, then

9  the wages of the employee shall continue as a penalty from the due date thereof at

10  the same rate until paid or until an action is commenced; but the wages shall not

11  continue for more than thirty (30) days.

12  96.    Plaintiff and the other class members are entitled to recover from

13  Defendant the statutory penalty wages for each day they were not paid, up to a

14  thirty (30) day maximum pursuant to California Labor Code section 203.

15  ## SIXTH CAUSE OF ACTION

16  ### (Violation of California Labor Code § 204)

17  97.    (Plaintiff incorporates by reference the allegations contained in

18  paragraphs 1 through 96, and each and every part thereof with the same force and

19  effect as though fully set forth herein.

20  98.    At all times herein set forth, California Labor Code section 204

21  provides that all wages earned by any person in any employment between the 1st

22  and 15th days, inclusive, of any calendar month, other than those wages due upon

23  termination of an employee, are due and payable between the 16th and the 26th

24  day of the month during which the labor was performed.

25  99.    At all times herein set forth, California Labor Code section 204

26  provides that all wages earned by any person in any employment between the

27  16th and the last day, inclusive, of any calendar month, other than those wages

28  due upon termination of an employee, are due and payable between the 1st and

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

22

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

the 10th day of the following month.

100.   At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

101.   During the relevant time period, Defendant intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

102.   Plaintiff and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

103.   (Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 102, and each and every part thereof with the same force and effect as though fully set forth herein.

104.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

105.   Defendant has intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members.

106.   As a result of Defendant's violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

107.   More specifically, Plaintiff and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

108.   Plaintiff and the other class members are entitled to recover from Defendant the greater of their actual damages caused by Defendant's failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

109.   Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## **EIGHTH CAUSE OF ACTION**

### **(Violation of California Labor Code § 1174(d))**

110.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.   Pursuant to California Labor Code section 1174(d), an employer

24

First Amended Class Action Complaint For Damages And Enforcement Under The Private Attorneys General Act, Cal. Labor Code § 2698 et seq. and Demand for Jury Trial

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

shall keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments.  These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

112.   Defendant has intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members.

113.   As a result of Defendant's violation of California Labor Code section 1174(d), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

114.   More specifically, Plaintiff and the other class members have been injured by Defendant's intentional and willful violation of California Labor Code section 1174(d) because they were denied both their legal right and protected interest, in having available, accurate and complete payroll records pursuant to California Labor Code section 1174(d).

## NINTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

115.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

116.   Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

117.   Plaintiff and the other class members incurred necessary business-

25

FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT, CAL. LABOR CODE § 2698 ET SEQ. AND DEMAND FOR JURY TRIAL

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   related expenses and costs that were not fully reimbursed by Defendant.

2   118.   Defendant have intentionally and willfully failed to reimburse

3   Plaintiff and the other class members for all necessary business-related expenses

4   and costs.

5   119.   Plaintiff and the other class members are entitled to recover from

6   Defendant their business-related expenses and costs incurred during the course

7   and scope of their employment, plus interest accrued from the date on which the

8   employee incurred the necessary expenditures at the same rate as judgments in

9   civil actions in the State of California.

10   ## TENTH CAUSE OF ACTION

11   **(Violation of California Business & Professions Code §§ 17200, et seq.)**

12   120.   Plaintiff incorporates by reference the allegations contained in

13   paragraphs 1 through 120, and each and every part thereof with the same force

14   and effect as though fully set forth herein.

15   121.   Defendant's conduct, as alleged herein, has been, and continues to

16   be, unfair, unlawful and harmful to Plaintiff, other class members, to the general

17   public, and Defendant's competitors.  Accordingly, Plaintiff seek to enforce

18   important rights affecting the public interest within the meaning of Code of Civil

19   Procedure section 1021.5.

20   122.   Defendant's activities as alleged herein are violations of California

21   law, and constitute unlawful business acts and practices in violation of California

22   Business & Professions Code section 17200, et seq.

23   123.   A violation of California Business & Professions Code section

24   17200, et seq. may be predicated on the violation of any state or federal law.  In

25   this instant case, Defendant's policies and practices of requiring employees,

26   including Plaintiff and the other class members, to work overtime without paying

27   them proper compensation violate California Labor Code sections 510 and 1198.

28   Additionally, Defendant's policies and practices of requiring employees,

26

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   including Plaintiff and the other class members, to work through their meal and

2   rest periods without paying them proper compensation violate California Labor

3   Code sections 226.7 and 512(a). Defendant's policies and practices of failing to

4   pay minimum wages violate California Labor Code sections 1194, 1197, and

5   1197.1. Moreover, Defendant's policies and practices of failing to timely pay

6   wages to Plaintiff and the other class members violate California Labor Code

7   sections 201, 202 and 204. Defendant also violated California Labor Code

8   sections 226(a), 1174(d), 2800 and 2802.

9       124.   As a result of the herein described violations of California law,

10   Defendant unlawfully gained an unfair advantage over other businesses.

11       125.   Plaintiff and the other class members have been personally injured

12   by Defendant's unlawful business acts and practices as alleged herein, including

13   but not necessarily limited to the loss of money and/or property.

14       126.   Pursuant to California Business & Professions Code sections 17200,

15   et seq., Plaintiff and the other class members are entitled to restitution of the

16   wages withheld and retained by Defendant during a period that commences four

17   years preceding the filing of this Complaint; an award of attorneys' fees pursuant

18   to California Code of Civil procedure section 1021.5 and other applicable laws;

19   and an award of costs.

20   **ELEVENTH CAUSE OF ACTION**

21   **(Violation of California Labor Code § 2698, et seq.)**

22       127.   Plaintiff incorporates by reference the allegations contained in

23   paragraphs 1 through 126, and each and every part thereof with the same force

24   and effect as though fully set forth herein.

25       128.   PAGA expressly establishes that any provision of the California

26   Labor Code which provides for a civil penalty to be assessed and collected by the

27   LWDA, or any of its departments, divisions, commissions, boards, agencies or

28   employees for a violation of the California Labor Code, may be recovered

through a civil action brought by an aggrieved employee on behalf of himself or herself, and other current or former employees.

129.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

130.   Plaintiff and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

131.   Defendant's failure to pay overtime in violation of the Wage Orders and California Labor Code sections 510 and 1198, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failing to Provide Meal Periods

132.   Defendant's failure to provide legally required meal periods in violation of the Wage Orders and California Labor Code sections 226.7 and 512(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

133.   Defendant's failure to provide legally required rest periods in violation of the Wage Orders and California Labor Code section 226.7, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

134.   Defendant's failure to pay minimum wages in violation of the Wage Orders and California Labor Code sections 1194, 1197 and 1197.1, as alleged

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

### Failure to Timely Pay Wages Upon Termination

135.   Defendant's failure to timely pay wages upon termination in violation of California Labor Code sections 201 and 202, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

136.   Defendant's failure to timely pay wages during employment in violation of California Labor Code section 204, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Compliant Wage Statements

137.   Defendant's failure to provide compliant wage statements in violation of California Labor Code section 226(a), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete or Accurate Payroll Records

138.   Defendant's failure to keep complete or accurate payroll records in violation of California Labor Code section 1174(d), as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business Expenses

139.   Defendant's failure to reimburse all necessary business-related expenses and costs in violation of California Labor Code sections 2800 and 2802, as alleged above, constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

140.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of all aggrieved employees, requests and is entitled to

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

recover from Defendant and each of them, business expenses, unpaid wages, and/or untimely wages according to proof, interest, attorneys' fees and costs pursuant to California Labor Code section 218.5, as well as all penalties against Defendant, and each of them, including but not limited to:

    a.    Penalties under California Labor Code section 2699 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b.    Penalties under California Code of Regulations Title 8 section 11010, *et seq*. in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

    c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation; and

    d.    Any and all additional penalties and sums as provided by the California Labor Code and/or other statutes.

141.   Pursuant to California Labor Code section 2699(i), civil penalties recovered by aggrieved employees shall be distributed as follows: seventy-five percent (75%) to the Labor and Workforce Development Agency for the enforcement of labor laws and education of employers and employees about their rights and responsibilities and twenty-five percent (25%) to the aggrieved

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   employees.

2       142.   Further, Plaintiff is entitled to seek and recover reasonable attorneys'

3   fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699

4   and any other applicable statute.

5                           **DEMAND FOR JURY TRIAL**

6       Plaintiff, individually, and on behalf of other members of the general

7   public similarly situated, and on behalf of other aggrieved employees pursuant to

8   the California Private Attorneys General Act, requests a trial by jury.

9                           **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff, individually, and on behalf of other members of

11  the general public similarly situated, and on behalf of other aggrieved employees

12  pursuant to the California Private Attorneys General Act, prays for relief and

13  judgment against Defendants follows:

14                           **Class Certification**

15      1.     That this action be certified as a class action as to the first ten causes

16  of action;

17      2.     That Plaintiff be appointed as the representative of the Class;

18      3.     That counsel for Plaintiff be appointed as Class Counsel; and

19      4.     That Defendant provide to Class Counsel immediately the names and

20  most current/last known contact information (address, e-mail and telephone

21  numbers) of all class members.

22                           **As to the First Cause of Action**

23      5.     That the Court declare, adjudge and decree that Defendant violated

24  California Labor Code sections 510 and 1198 and applicable IWC Wage Orders

25  by willfully failing to pay all overtime wages due to Plaintiff and the other class

26  members;

27      6.     For general unpaid wages at overtime wage rates and such general

28  and special damages as may be appropriate;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(c);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.     For reasonable attorneys' fees and costs of suit incurred herein; and

16.     For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

17.     That the Court declare, adjudge and decree that Defendant violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

**As to the Fifth Cause of Action**

2   30.   That the Court declare, adjudge and decree that Defendant violated

3   California Labor Code sections 201, 202, and 203 by willfully failing to pay all

4   compensation owed at the time of termination of the employment of Plaintiff and

5   the other class members no longer employed by Defendant;

6   31.   For all actual, consequential, and incidental losses and damages,

7   according to proof;

8   32.   For statutory wage penalties pursuant to California Labor Code

9   section 203 for Plaintiff and the other class members who have left Defendant's

10  employ;

11  33.   For pre-judgment interest on any unpaid compensation from the date

12  such amounts were due; and

13  34.   For such other and further relief as the Court may deem just and

14  proper.

15  **As to the Sixth Cause of Action**

16  35.   That the Court declare, adjudge and decree that Defendant violated

17  California Labor Code section 204 by willfully failing to pay all compensation

18  owed at the time required by California Labor Code section 204 to Plaintiff and

19  the other class members;

20  36.   For all actual, consequential, and incidental losses and damages,

21  according to proof;

22  37.   For pre-judgment interest on any unpaid compensation from the date

23  such amounts were due; and

24  38.   For such other and further relief as the Court may deem just and

25  proper.

26  **As to the Seventh Cause of Action**

27  39.   That the Court declare, adjudge and decree that Defendant violated

28  the record keeping provisions of California Labor Code section 226(a) and

applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

40.     For actual, consequential and incidental losses and damages, according to proof;

41.     For statutory penalties pursuant to California Labor Code section 226(e);

42.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

43.     For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

44.     That the Court declare, adjudge and decree that Defendant violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiff and the other class members as required by California Labor Code section 1174(d);

45.     For actual, consequential and incidental losses and damages, according to proof;

46.     For statutory penalties pursuant to California Labor Code section 1174.5; and

47.     For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

48.     That the Court declare, adjudge and decree that Defendant violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

49.     For actual, consequential and incidental losses and damages, according to proof;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

50. For the imposition of civil penalties and/or statutory penalties;

51. For reasonable attorneys' fees and costs of suit incurred herein; and

52. For such other and further relief as the Court may deem just and proper.

## As to the Tenth Cause of Action

53. That the Court decree, adjudge and decree that Defendant violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, 202 and 204 and by violating California Labor Code sections 226(a), 1174(d), 2800 and 2802.

54. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

55. For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendant and determined to have been wrongfully acquired by Defendant as a result of violation of California Business and Professions Code sections 17200, et seq.;

56. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

57. For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, et seq.; and

58. For such other and further relief as the Court may deem just and proper.

## As to the Eleventh Cause of Action

59. For civil penalties and wages pursuant to California Labor Code

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

sections 2699(a), (f) and (g) plus costs and attorneys' fees for violation of California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512, 551, 552, 1174(d), 1194, 1197, 1197.1, 1198, 2800, and 2802; and

60.     For such other and further relief as the Court may deem equitable and appropriate.

Dated: June 4, 2021

**LAWYERS** *for* **JUSTICE, PC**

By: _/s/ Edwin Aiwazian_____

Edwin Aiwazian
*Attorneys for* Plaintiff

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203