Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
 Telephone:  (818) 265-1020
 Facsimile:  (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act; <br><br> Plaintiff, <br><br> vs. <br><br> BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS, an unknown business entity; VITALANT, an unknown business entity; and DOES 2 through 100, inclusive, <br><br> Defendants. | Case No.: 3:19-cv-04592-JCS <br><br> Honorable Joseph C. Spero <br><br> **CLASS ACTION** <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:          January 14, 2022 <br> Time:          9:30 a.m. <br> Courtroom:   F <br><br> Complaint Filed: March 29, 2019 <br> FAC Filed:       June 4, 2021 <br> Trial Date:       None Set |

*LAWYERS for JUSTICE, PC*
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**TO PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 14, 2022 at 9:30 a.m. or as soon thereafter as the matter may be heard before the Honorable Joseph C. Spero in Courtroom F of the United States District Court for the Northern District of California, located at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Ruby Danielsson ("Plaintiff") will, and hereby does, move for an order:

- Granting preliminary approval of the proposed class action settlement described herein and as set forth in the Stipulation of Settlement of Class Action and Release of Claims and Amendment No. 1 to Stipulation of Settlement of Class Action and Release of Claims (together, "Settlement," "Agreement," or "Settlement Agreement"), attached as "**EXHIBIT 1**" to the Declaration of Edwin Aiwazian, including, the means of allocation and distribution of the Gross Settlement Amount and Net Settlement Amount, and the allocations for Attorneys' Fees and Costs, Class Representative Enhancement Payment, penalties under the Private Attorneys General Act, and Settlement Administration Costs;

- Conditionally certifying the proposed Class for settlement purposes only;

- Appointing Plaintiff Ruby Danielsson as representative of the Class;

- Appointing Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel");

- Approving the proposed Notice of Class Action Settlement ("Class Notice") and Class Action Fairness Act Notice ("CAFA Notice"), attached as "Exhibit 1" and "Exhibit 2", respectfully, to the [Proposed] Order Granting Preliminary Approval of Class Action Settlement ("Proposed Order");

- Appointing Phoenix Settlement Administrators ("Phoenix") as the Settlement Administrator to handle the notice and administration process for the Settlement and preliminary approving Settlement Administration Costs, which are currently not to exceed $15,000;

i

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

1    • Directing Phoenix to mail the Class Notice to the proposed Class;

2    • Approving the proposed deadlines for the notice and administration process as

3    reflected herein and in the Settlement Agreement; and

4    • Scheduling a hearing to consider final approval of the Settlement, at which time the

5    Court will also consider whether to grant final approval of the requests for an award

6    of Attorneys' Fees and Costs, Class Representative Enhancement Payment, and

7    Settlement Administration Costs.

8    This motion is based upon the following memorandum of points and authorities, the

9    Settlement Agreement; the Declarations of Proposed Class Counsel (Edwin Aiwazian) and

10   Proposed Class Representative (Ruby Danielsson) in support thereof; as well as the pleadings

11   and other records on file with the Court in this matter, and such evidence and oral argument as

12   may be presented at the hearing on this motion.

13   Dated: November 17, 2021                    **LAWYERS *for* JUSTICE, PC**

14

15                                   By:    /s/ Edwin Aiwazian

16                                          Edwin Aiwazian
                                            *Attorneys for* Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

---

ii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1

2 <u>**TABLE OF CONTENTS**</u>

3 **I.    SUMMARY OF MOTION**.................................................................1

4 **II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY**....................2

5 **III.  SUMMARY OF THE SETTLEMENT TERMS** ................................3

6          **A.    The Class for Settlement Purposes** ...............................3

7          **B.    Essential Terms of the Settlement** ................................4

8 **IV.   THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF CLASS**

9        **ACTION SETTLEMENTS** ................................................................7

10 **V.    THE SETTLEMENT SHOULD BE PRELIMINARY APPROVED**.............8

11         **A.    The Settlement Resulted from Arm's-Length Negotiations and**

12              **Extensive Investigation and Discovery**......................................8

13         **B.    The Settlement Is Fair, Reasonable, and Adequate.**...................10

14         **C.    The Settlement Is Within the Range of Possible Approval.**.............11

15 **VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE**

16        **UNDER  RULE 23** .......................................................................15

17         **A.    Numerosity**.........................................................................15

18         **B.     Commonality** .....................................................................16

19         **C.    Typicality** .........................................................................16

20         **D.    Adequacy of Representation** ................................................17

21 **E.    PREDOMINANCE AND SUPERIORITY**.......................................17

22 **VIII. ADEQUACY OF THE METHOD OF NOTICE**...................................18

23 **IX.   APPOINTMENT OF PHOENIX SETTLEMENT ADMINISTRATORS AS**

24        **THE SETTLEMENT ADMINISTRATOR**...........................................19

25 **X.    DEADLINES FOR NOTICE AND ADMINISTRATION** ............................20

26 **XII.  CONCLUSION** ..........................................................................22

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT;**
**MEMORANDUM OF POINTS AND AUTHORITIES**
**CASE NO: 3:19-CV-04592-JCS**

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3  *Acosta v. Trans Union, LLC*, 243 F.R.D. 377 (C.D. Cal. 2007) ...................................................8

4  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997) ...........................................................17

5  *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ...................................................................16

6  *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245 (N.D. Cal. Mar. 19, 2015)...................12

7  *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976) ..............16

8  *Boeing v. Van Gemert*, 444 U.S. 472 (1980) ...........................................................................13

9  *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970 (S.D. Cal. 2014) ..........................................................12

10  *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d 566 (9th Cir. 2004) ................................................18

11  *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992)...............................................7

12  *Clayton v. Knight Transp.*, 2013 WL 5877213 (E.D. Cal. Oct. 30, 2013) ...............................14

13  *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516 (N.D. Cal. Mar. 6, 2014)
    ............................................................................................................................................12

14  *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123 (C.D. Cal. 2008) .............................14

15  *Dukes v. Wal-Mart, Inc.*, 564 U.S. 338 (2011)........................................................................16

16  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).....................................7, 9, 16, 17, 18

17  *Harris v. Vector Mktg. Corp.*, No. 08- cv-5198-EMC, 2011 WL 1627973 (N.D. Cal. Apr. 29, 2011) ....................................................................................................................................8

18  *Hensley v. Eckerhart*, 461 U.S. 424 (1983) ............................................................................14

19  *illegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390 (N.D. Cal. Nov. 21, 2012)...............................................................................................................9

20  *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226 (2d Cir. 1987) ...................................13

21  *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693 (W.D. Wash. 1992) ...................15

22  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)...............................13

23  *In re Hill*, 775 F.2d 1037 (9th Cir. 1985)..................................................................................13

24  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2000) ..........................................12, 17

25  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ...................................7

26

27

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

*In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013) ..............................14

*In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438 (C.D. Cal. 2014).......................12

*Johnson v. California*, 543 U.S. 499 (2005) ..............................................................................16

*Knight v. Red Door Salons, Inc.*, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ........................14

*Knisley v. Network Assocs.*, 312 F.3d 1123 (9th Cir. 2002) ....................................................14

*Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480 (2016) ..........................................................13

*Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358 (S.D.N.Y. 2002) .............................11

*Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ................................................................................................15

*Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. Mar. 4, 2010) ............................8

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004)............7, 8

*Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293 (C.D. Cal. May 6, 2014) ..........................................................................................................................................11

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ................................14

*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)..........14

*Schaefer v. Overland Express Family of Funds*, 169 F.R.D. 124 (S.D. Cal. 1996)...................18

*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104 (S.D. Cal. June 1, 2010)...................14

*Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ..................13

*Staton v. Boeing*, 327 F.3d 938 (9th Cir. 2003) ..................................................................12, 13

*Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227 (9th Cir. 1996) .............................................15

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294 (N.D. Cal. 1995)...............................12, 14

*Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) ...............................14

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ......................................13, 14, 15

*Welmer v. Syntex*, 117 F.R.D. 641 (N.D. Cal. 1987) ...............................................................16

*Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997) ..................................13

**Statutes**

28 U.S.C. § 1447..........................................................................................................................2

Cal. Labor Code § 2698 ...............................................................................................................2

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

**Other Authorities**

*Manual for Complex Litig., Fourth* § 21.132 ...................................................................20

**Rules**

Fed. R. Civ. P. 23(a)(1) ...........................................................................................15

Fed. R. Civ. P. 23(a)(2) ...........................................................................................16

Fed. R. Civ. P. 23(c)(2)(B) ...............................................................................18, 19

Fed. R. Civ. P. 23(e) ..................................................................................................7

Fed. R. Civ. Proc. 23(e) .............................................................................................7

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF MOTION

Plaintiff Ruby Danielsson ("Plaintiff" or "Class Representative") respectfully requests that this Court grant preliminary approval of the Stipulation of Settlement of Class Action and Release of Claims and Amendment No. 1 to Stipulation of Settlement of Class Action and Release of Claims (together, "Settlement," "Agreement," or "Settlement Agreement") entered into by and between Plaintiff, individually and on behalf of all others similarly situated and other aggrieved employees, on the one hand, and Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific ("Defendant"), on the other hand.  Subject to approval by the Court, Plaintiff and Defendant (collectively, the "Parties") have agreed to settle this lawsuit for a Gross Settlement Amount of $2,300,000.[1] Settlement Agreement, ¶ 4.

The Parties reached the Settlement after engaging in significant formal and informal discovery, investigations, and arm's-length negotiations.  The Settlement resulted from a formal mediation conducted by Mark S. Rudy, Esq., a well-respected mediator who is experienced in wage-and-hour class actions.  The Settlement satisfies the criteria for approval and falls within the range of possible approval under California and federal law.  Additionally, the proposed Class Notice provides the best notice practicable under the circumstances and will allow each Class Member a full and fair opportunity to evaluate the Settlement and decide whether to participate in it.  Accordingly, Plaintiff moves the Court to grant preliminary approval of the Settlement and the allocations for Attorneys' Fees and Costs, Class Representative Enhancement Payment, penalties under the Private Attorneys General Act, California Labor Code section 2698, et seq. ("PAGA"), and Settlement Administration Costs; certify the proposed Class for settlement purposes; direct distribution of Class Notice; and set a Final Approval Hearing.

///

---

[1] A copy of the fully-executed Settlement Agreement is attached as "**EXHIBIT 1**" to the Declaration of Edwin Aiwazian ("Aiwazian Decl.").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Defendant is an internationally known nonprofit transfusion medicine organization that runs more than 125 blood donation centers across the nation and provides blood and special services to patients in more than 1,000 hospitals across 40 states.  Defendant currently operates at least 27 blood donation centers throughout California.   Plaintiff Ruby Danielsson was employed by Defendant from approximately December 2005 to approximately April 2017. Declaration of Ruby Danielsson ("Danielsson Decl."), ¶ 2.

On March 29, 2019, Plaintiff filed a Class Action Complaint for Damages in the San Francisco County Superior Court, on behalf of herself and all current or former hourly-paid or non-exempt employees who worked for Defendant within the State of California since March 29, 2015, thereby commencing the above-captioned lawsuit ("Action").

On June 14, 2019, Plaintiff propounded multiple sets of discovery including Requests for Production of Documents, (Set One); Special Interrogatories, (Set One & Two); and Form Interrogatories, (Set One), on Defendant and noticed the deposition of Defendant's Person Most Knowledgeable regarding job duties and organizational structure of Defendant.

On August 6, 2019, Defendant filed an Answer to Plaintiff's Complaint.

On August 7, 2021, Defendant filed a Notice of Removal of Civil Action to Federal Court in the Northern District of California ("Court").

On September 4, 2019, Plaintiff filed a Motion to Remand Pursuant to 28 U.S.C. § 1447. On September 18, 2019, Defendant filed an Opposition to Plaintiff's Motion for Remand.  On December 30, 2019, the Court entered an Order Denying Motion to Remand.

On June 4, 2021, pursuant to stipulation of the parties and an order by the Court permitting leave thereon, Plaintiff filed a First Amended Class Action Complaint for Damages and Enforcement Under the Private Attorneys General Act, Cal. Labor Code § 2698, *Et Seq*. ("Operative Complaint").

Plaintiff's core allegation is that Defendant has violated the California Labor Code by engaging in a uniform practice and procedure, with respect to Plaintiff and the Class Members,

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

of, *inter alia*, failing to pay all overtime and minimum wages, failing to provide compliant meal and rest periods and associated premium pay, failing to timely pay wages during employment and upon termination of employment, failing to provide compliant wage statements, failing to maintain requisite payroll records, and failing to reimburse necessary business expenses, and thereby engaged in unfair business practices in violation of California Business and Professions Code section 17200, *et seq.* and conduct that gives rise to penalties pursuant to PAGA. Plaintiff contends that she, and the Class Members, are entitled to, *inter alia*, unpaid wages, penalties (including and not limited to, penalties pursuant to PAGA), and attorneys' fees.

Defendant denies liability of any kind associated with the claims and allegations, and further denies that Plaintiff and Class Members are entitled to any relief. Defendant also denies that this case is appropriate for class or representative treatment for any purpose other than the Settlement. Defendant maintains, among other things, that it has complied with federal and California laws in all respects.

The Parties participated in a private mediation on July 16, 2020, before Mark S. Rudy, Esq., a well-regarded mediator experienced in handling complex wage-and-hour matters. Aiwazian Decl. ¶ 12. After significant formal and informal discovery and investigation into the facts of the case, and with the aid of the mediator's evaluation, the Parties ultimately reached the Settlement described herein to resolve the Action in its entirety. *Ibid.*

## III.    SUMMARY OF THE SETTLEMENT TERMS

### A.  The Class for Settlement Purposes

For settlement purposes only, the Parties agree to class action certification of the following Class, consisting of approximately five hundred fifty-six (556) individuals ("Class Members"):

> All current and former non-exempt employees of Vitalant working for Blood Centers of the Pacific, BloodSource, Inc., and/or Vitalant at any time during the period from March 29, 2015 and October 15, 2020 (the "Class Period"), who worked for Defendant's operations in the State of California at operations and sites formerly known as Blood Centers of the Pacific. Settlement Agreement, § 1.

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

1   As discussed in VI, *infra*, class certification is appropriate with respect to the

2   settlement and resolution of the Released Claims.[2]

3   ## B.   Essential Terms of the Settlement

4   Defendant will pay a Gross Settlement Amount of $2,300,000. Settlement Agreement, §

5   4.  The Net Settlement Amount will be calculated by deducting the following amounts from the

6   Gross Settlement Amount: (1) attorneys' fees of up to thirty-five percent (35%) of the Gross

7   Settlement Amount (i.e., $805,000), and reimbursement of litigation costs and expenses not to

8   exceed $50,000 to Class Counsel (collectively referred to as the "Attorneys' Fees and Costs");

9   (2) Class Representative Enhancement Payment of up to $8,5000 to Plaintiff; (3) Settlement

10  Administration Costs of up to $15,000 to the Settlement Administrator; and (4) $187,500 to the

11  LWDA for its share of the amount allocated toward civil penalties under PAGA ("LWDA

12  Payment"). *Id.*, §§ 4.C(3), 4.C(4), 4.C(5), 5.A., 6, 7 & 8.  Twenty-five percent (25%) of the

13  amount allocated for PAGA penalties (i.e., $62,500) will remain part of the Net Settlement

14  Amount for distribution to Class Members who do not submit a timely and valid Request for

15  Exclusion ("Settlement Class Members" or "Settlement Class"). Settlement Agreement §

16  4.C(5).   Assuming the allocations towards these payments are awarded in full, the Net

17  Settlement Amount that will be available for distribution is estimated to be $1,234,000.

18  Aiwazian Decl., ¶ 18.

19  The Net Settlement Amount will be distributed to Settlement Class Members on a *pro*

20  *rata* basis, based upon the number of weeks each Class Member worked during the Class Period

21  ("Workweeks"). Settlement Agreement, §§ 5.B & 10.A.  The entire Net Settlement Amount will

22  be distributed to the Settlement Class Members with no reversion to Defendant. Settlement

23  Agreement § 4.

24  ## C.   Calculation of Individual Settlement Payments

25  The Settlement Administrator will determine each Settlement Class Member's share of

26  the available Net Settlement Amount ("Individual Settlement Payment") as follows:

27  _____

[2] *See* Settlement Agreement, § 3.A for the definition of Released Claims.

28
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

a. The Settlement Administrator shall calculate total number of Workweeks of each Settlement Class Member ("Individual Workweeks") and the total number of Workweeks of all Settlement Class Members ("Total Workweeks") during the Class Period. *Id.*, § 5.B.

b. The Settlement Administrator will then divide the Individual Workweeks by the Total Workweeks and multiply this ratio by the Net Settlement Amount. *Ibid.*

Each Individual Settlement Payment will be allocated as follows: twenty percent (20%) as wages, which will be reported on an IRS Form W-2, and the remaining eighty percent (80%) as penalties, interest, and non-wage damages, which will be reported on an IRS Form 1099. Settlement Agreement, § 5.D. Settlement Class Members will be issued payment of their Individual Settlement Payment subject to reduction for the employee's share of all federal, state, and local taxes with respect to the wages portion of each Individual Settlement Payment. *Id.*, § 4.C(6). Defendant shall pay its portion of all federal, state, and local taxes on the wages portion of Individual Settlement Payments separately and in addition to the Gross Settlement Amount. *Ibid.*

### D. Settlement Opt-Out and Objection Procedures

Any Class Member who wishes to opt out of the Settlement must mail a written request to be excluded from the Settlement ("Request for Exclusion") to the Settlement Administrator within forty-five (45) calendar days of the date of the initial mailing of the Class Notice ("Response Deadline"). *Id.*, § 10.E. The Request for Exclusion must: (1) contain the full name, address, telephone number, and last four (4) digits of the Social Security number of the Class Member; (2) be signed by the Class Member; (3) contain the case name and number of the Action; (4) clearly state that the Class Member wishes to be excluded from the Settlement; and (5) be mailed to the Settlement Administrator at the address specified in the Class Notice, postmarked by the Response Deadline. *Ibid.* Any Class Member who validly requests to be excluded from the Settlement will no longer be a member of the Settlement Class, will not be entitled to any recovery under the Settlement, and will not be bound by the terms of the Settlement or have any right to object, appeal, or comment thereon. *Ibid.*

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Class Members who do not opt out of the Settlement (i.e., Settlement Class Members) may object to the Settlement by submitting a written objection ("Notice of Objection") to the Court. *Id.*, § 10.F.  To be valid, any Notice of Objection must be submitted to the Court either by mailing it to the Class Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102 or by filing it in person at any location of the United States District Court for the Northern District of California, filed or postmarked on or before the Response Deadline, and must: (1) contain the full name, address, telephone number, and last four digits of the Social Security number of the Class Member; (2) be signed by the Class Member; (3) contain the case name and number of the Action; and (4) contain a written statement of all grounds for the objection accompanied by any legal support for such objection.  *Ibid.*

**E.  <u>Scope of the Class Release</u>**

The Released Claims that are the subject of the Settlement are:

All causes of action and factual or legal theories that were alleged in the Operative Complaint or reasonably could have been alleged in the Operative Complaint based on the facts and legal theories contained in the Operative Complaint, including all of the following claims for relief: (1) overtime pay; (2) meal period violation premium pay; (3) rest period violation premium pay; (4) minimum wage pay; (5) waiting time penalties for failure to pay all wages owed at termination; (6) statutory penalties for failure to timely pay wages during employment, (7) statutory penalties for non-compliant wage statements; (8) failure to keep payroll records; (9) unreimbursed business expenses; (10) violations of California's unfair business practices law; (11) civil penalties under the Labor Code Private Attorneys General Act ("PAGA") based on the afore-referenced claims; (12) any other claims or penalties under the wage and hour laws pleaded in the Action based on the afore-referenced claims and as alleged in the Operative Complaint; and (13) all damages, penalties, interest and other amounts recoverable under said causes of action under California and federal law, to the extent permissible, including but not limited to the California Labor Code as to the facts alleged in the Action, the applicable Wage Orders as to the facts alleged in the Operative Complaint, and the California Unfair Competition Law.  *Id.*, § 3.A.

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale. California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Upon the Effective Date[3], Plaintiff and every member of the Settlement Class will

2    release and discharge all Released Claims with respect to the Released Parties. *Id*., § 3.

3    **IV.    THE LEGAL STANDARD FOR PRELIMINARY APPROVAL OF CLASS**

4    **ACTION SETTLEMENTS**

5    Class action settlements require approval by the court.  Fed. R. Civ. P. 23(e).  Although

6    judicial policy favors settlement of class actions, *Class Plaintiffs v. City of Seattle*, 955 F.2d

7    1268, 1276 (9th Cir. 1992), the decision to approve or reject a settlement is within the trial

8    court's discretion, and that decision may be reversed only upon a strong showing of "clear abuse

9    of discretion."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Class Plaintiffs*,

10    955 F.2d at 1276.

11    A settlement should be approved if it is "fundamentally fair, adequate, and reasonable."

12    *Hanlon*, 150 F.3d at 1026; Fed. R. Civ. P. 23(e).  In approving a class action settlement, courts

13    engage in a two-step process: (1) preliminary approval of the settlement; and (2) a later detailed

14    review after notice is given to class members, to determine whether final approval is appropriate.

15    *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).  At the

16    preliminary approval stage, courts must approve a class action settlement "if it appears to be the

17    product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does

18    not improperly grant preferential treatment to class representatives or segments of the class, and

19    falls within the range of possible approval."  *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d

20    1078, 1079 (N.D. Cal. 2007).

21    In evaluating the fairness of the class action settlement, courts should give "proper

22    deference to the private consensual decision of the parties."  *Hanlon*, 150 F.3d at 1027.  Courts

23    need only ensure that the settlement is not a product of "fraud or overreaching by, or collusion

24    between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable,

25    and adequate to all concerned."  *Id*.

26    ///

27    ───────────────

[3] *See* Settlement Agreement, § 2, for the definition of the "Effective Date."

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## V.    THE SETTLEMENT SHOULD BE PRELIMINARY APPROVED

Preliminary approval is appropriate if the settlement is "potentially fair," *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007), and has no "glaring deficiencies" that would make it clear that a final approval hearing is not warranted.  *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 478 (E.D. Cal. Mar. 4, 2010).  As discussed below, the Settlement resulted from hard-fought litigation and extensive negotiations, and is fair and reasonable.  Therefore, the Settlement should be preliminarily approved.

### A.    The Settlement Resulted from Arm's-Length Negotiations and Extensive Investigation and Discovery.

An initial presumption of fairness exists "if the settlement is recommended by Class Counsel after arm's-length bargaining." *Harris v. Vector Mktg. Corp.*, No. 08- cv-5198-EMC, 2011 WL 1627973, at *8 (N.D. Cal. Apr. 29, 2011) (citation omitted).  Courts give great weight to such recommendation, as class counsel are most familiar with the issues underlying the case. *Nat'l Rural*, 221 F.R.D. at 528.

Here, the Parties actively litigated the Action since it was commenced on March 29, 2019.  Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with Plaintiff and Class Members, and diligently investigated the allegations in this lawsuit.  Aiwazian Decl., ¶¶ 10-14.  Class Counsel reviewed a large volume of documents and data, including, but not limited to: Plaintiff and other Class Members' employment records, a detailed sampling of Class Members' time data, multiple iterations Defendant's Employee Handbook, company policy acknowledgements (including, but not limited to, Meal and Rest Period Policy Acknowledgement, Employee Acknowledgement of Receipt of Meal Period and Rest Period Policy, California Meal Period and Rest Breaks Policy Acknowledgement, and Employee Acknowledgement of Receipt of California Policy Regarding Meal Period and Rest Breaks), internal memoranda, job descriptions, new hire orientation checklist, Defendant's operations and employment practices, agreements (including, but not limited to, Revocation of Meal Period Waivers, California Exceptions Record for Missed Meal

8

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

Period and/or Rest Breaks, California Consent and Agreement for Waiver of Meal Periods, and California Revocation of Meal Period Waivers), forms, procedures, and policies (including, but not limited to, California Meal Period and Rest Breaks Policy, Overtime Compensation policy, and Payroll Time Reports policy), among other information and documents. *Id*., ¶ 14.

Further, Class Counsel propounded multiple sets of formal written discovery requests on Defendant and noticed the depositions of Defendant's Person Most Knowledgeable designees regarding organizational structure and job duties. *Ibid*. Counsel for the Parties also met and conferred on numerous occasions, e.g., to discuss issues relating to the pleadings, jurisdiction, discovery, mediation, settlement negotiations, and the Settlement. *Ibid*.

The data and documents produced in this case enabled Class Counsel to prepare damages/valuation models in preparation for mediation and settlement negotiations, to determine the potential value and strength of the claims, and to estimate the potential claim of each Class Member. *Id*., ¶ 27.

The Parties reached the Settlement after reviewing all available evidence, arm's length bargaining, and participating in mediation conducted by Mark S. Rudy, Esq., a well-respected mediator experienced in handling complex labor and employment matters. *Id*., ¶ 12. Prior to and during the mediation and settlement discussions, the Parties exchanged class information and engaged in an intensive discussion regarding their evaluations of the case and various aspects of the case, including but not limited to, the risks and delays of further litigation, the risks to the Parties of proceeding with class certification and/or representative adjudication, the law relating to off-the-clock theory, meal and rest periods, wage-and-hour enforcement, and PAGA representative claims, as well as the evidence produced and analyzed, and the possibility of appeals, among other things.[4] *Id*., ¶ 10.

---

[4] *See Hanlon*, 150 F.3d at 1027 (affirming approval of settlement after finding "no evidence to suggest that the settlement was negotiated in haste or in the absence of information illuminating the value of plaintiffs' claims"); *see also Villegas v. J.P. Morgan Chase & Co.*, No. CV 09-00261 SBA (EMC), 2012 WL 5878390, at *6 (N.D. Cal. Nov. 21, 2012) (stating that participation in private mediation "tends to support the conclusion that the settlement process was not collusive").

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

While the Parties disagree over the merits and certifiability of Plaintiff's claims, Plaintiff and Class Counsel agree that the Settlement is fair, reasonable, adequate, and in the best interest of the Class, in light of all known facts and circumstances. *Id.*, ¶¶ 12 & 29.

**B.    The Settlement Is Fair, Reasonable, and Adequate.**

The Settlement, which provides for a Gross Settlement Amount of $2,300,000, represents a fair, adequate, and reasonable resolution of the Action.  Under the Settlement, the entire Net Settlement Amount will be distributed to Settlement Class Members.  The amount of the Settlement is reasonable considering the risks relating to certification, liability, and the ability to recover monetary relief on a class-wide or representative basis.  *Id.*, ¶¶ 12 & 26-28. Additionally, the Settlement guarantees a certain monetary recovery to Settlement Class Members in a reasonably short period of time, as opposed to waiting additional years for the same or possibly no recovery if this matter were to proceed to trial.

The Settlement was calculated using the information and data uncovered during litigation, case investigation, as well the informal exchange of information in the context of mediation and settlement negotiations.  *Id.*, ¶¶ 12-15.  Prior to reaching the Settlement, Class Counsel conducted extensive investigation into the claims.  *Id.*, ¶ 12.  The data and information obtained enabled Class Counsel to calculate the value of the claims and the monetary recovery that could potentially be awarded to Class Members, and permitted a complete understanding of Defendant's employment policies, practices, and procedures.  *Id.*, ¶ 24-27.  This information proved invaluable in negotiating a settlement amount that fairly compensates the Class Members.  *Id.*, ¶ 17.

The parties have also considered the potential risks and rewards inherent in any case and, in particular, with this case.  *Id.*, ¶¶ 24-27.  Prior to the mediation, Class Counsel performed a damages and valuation analysis based on the sampling of time and pay data provided by Defendant.  *Id.*, ¶ 27.  During the mediation, Defendant provided information and data supporting its position that its policies and practices fully complied with the law.  *Id.,* ¶¶ 14 & 26.  Defendant argued that individual issues would predominate because its nonexempt

10

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

employees worked at different locations, in different positions, or during different periods of time, and were subject to variant employment policies, practices, and procedures, and the reasons why a Class Member failed to receive a meal or rest break or worked off the clock would also raise individual issues that cannot be certified. *Id*., ¶ 26.

Plaintiff faces numerous risks in continued litigation, including and not limited to, the risk of receiving no recovery if a class is not certified and/or no liability is found and the Court determining that adjudication on a representative or class basis is unmanageable and not appropriate. *Id*., ¶¶ 25-27. Plaintiff also faces the real possibility that, if there is a recovery against Defendant after years of litigation and a lengthy and costly trial, the amount may be less than the amount negotiated in this Settlement. *Id.,* ¶¶ 24-26.

### 1.    The Settlement Treats all Class Members Fairly

There is no reason to doubt the fairness of the proposed plan of allocation of the settlement funds for purposes of preliminary approval. Even at the *final* approval stage: "an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent Class Counsel." *Nguyen v. Radient Pharm. Corp.*, No. 11-cv-00406, 2014 WL 1802293, at *5 (C.D. Cal. May 6, 2014); *see also Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 367 (S.D.N.Y. 2002).

Here, the Settlement is fair because it poses no risk of unequal treatment of any Class Member. Individual Settlement Payments will be calculated on a *pro rata* basis, based upon the number of Workweeks during the Class Period. Settlement Agreement, § 5.B. Considering the facts in this case, the amount of the Settlement represents a fair, reasonable, and adequate recovery for the Class Members. Aiwazian Decl., ¶ 29.

### C.    The Settlement Is Within the Range of Possible Approval.

The Settlement, which provides for a Gross Settlement Amount of $2,300,000 provides substantial monetary recovery to Class Members, and is fair, reasonable, and adequate in light of the value of the claims and the significant risks of continued litigation. Similarly, all of the

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

other Settlement terms for which Plaintiff requests approval and/or preliminary approval fall within the range of reasonableness, as discussed below.

**1. <u>The Requested Class Representative Enhancement Award is Reasonable</u>**

Subject to approval by the Court, Plaintiff will receive a Class Representative Enhancement Award of $8,500. The Class Representative Enhancement Award will be paid in addition to Plaintiff's Individual Settlement Payment.

The trial court has discretion to award incentives to the class representatives.[5] *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Courts routinely approve enhancement payments to class representatives for their time and efforts, and the risks they undertake on behalf of the class. *See, e.g., Staton v. Boeing*, 327 F.3d 938, 976-78 (9th Cir. 2003) (discussing cases approving enhancement payments in the range of $2,000 to $25,000). "Incentive awards are particularly appropriate in wage-and-hour actions" because named plaintiffs bear "a significant reputational risk for bringing suit against their former employers." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. Mar. 19, 2015) (quotation marks omitted).

Moreover, Plaintiff spent considerable time and effort to produce relevant documents and past employment records and provide the facts and evidence necessary to support the allegations. Aiwazian Decl., ¶ 23; Danielsson Decl., ¶¶ 2-6. Plaintiff was available whenever counsel needed her and tried to obtain documents and information that would benefit the Class Members. *Ibid*. Accordingly, it is appropriate and just for Plaintiff to receive a reasonable enhancement payment for her services on behalf of the Class Members.

///

---

[5] In assessing the reasonableness of an incentive award, several district courts in the Ninth Circuit have considered the factors set forth in *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995): (1) the risk to the class representative in commencing a class action; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; and (5) the personal benefit, or lack thereof, enjoyed by the class representative as a result of the litigation. *See, e.g., In re Toys "R" Us-Del., Inc. FACTA Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014); *Covillo v. Specialty's Café*, No. C-11-00594 DMR, 2014 WL 954516, at *7 (N.D. Cal. Mar. 6, 2014); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 986 (S.D. Cal. 2014).

12

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### 2.  The Allocation for Attorneys' Fees and Costs Is Reasonable.

Class Counsel meets the requirements under Federal Rule of Civil Procedure 23(g). Class Counsel conducted extensive research, investigation, litigation and analysis of the potential value of the claims. Aiwazian Decl., ¶¶ 12-15.  Additionally, Class Counsel is highly experienced in wage-and-hour litigation and class action cases. *Id.*, ¶ 7.  Class Counsel has committed and continues to commit significant financial and staffing resources to representation in this matter.  *Id.*, ¶¶ 10 & 12-15.  As such, appointment of Lawyers *for* Justice, PC as Class Counsel is appropriate.

The Settlement establishes a Gross Settlement Amount of $2,300,000, and provides for Class Counsel to apply for attorneys' fees in an amount of up to 35% of the Gross Settlement Amount. Settlement Agreement, § 4.C(4).  Class Counsel will file an appropriate motion or application in advance of the Final Approval Hearing pursuant to Rule 23(h), and submit supporting evidence and documents.

Under California and Ninth Circuit precedent, a court has discretion to determine attorneys' fees using either the lodestar method or the percentage-of-the-fund method.[6]  While often a 25% benchmark is observed by the Ninth Circuit, an upward or downward adjustment is warranted if "the percentage recovery would be […] too small […] in light of the hours devoted to the case or other relevant factors."  *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Staton*, 327 F.3d at 968; *Vizcaino*, 290 F.3d at 1048.  If a proposed class action settlement includes an award of attorneys' fees, courts must evaluate that

---

[6] It is appropriate to calculate and award attorneys' fees as a percentage of a monetary funds that has, by litigation, been preserved or recovered for the benefit of others. *Laffitte v. Robert Half Int'l, Inc.* 1 Cal.5th 480, 486 & 506 (2016); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 253 (2001); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). The percentage method is based on the amount of total recovery, as opposed to the total amount of claims made, and is well established in federal courts and the Ninth Circuit. *Boeing v. Van Gemert*, 444 U.S. 472, 478 (1980); *In re Hill*, 775 F.2d 1037 (9th Cir. 1985); *Williams v. MGM-Pathe Commc'n Co.*, 129 F.3d 1026 (9th Cir. 1997); *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987).

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  fee award on a case-by-case basis, in the overall context of the settlement.[7]   In California,

2  attorneys' fees tend to be awarded above the 25% federal benchmark.  *See Van Vranken*, 901 F.

3  Supp. at 297 (holding that fee awards of 30-50% are more typical where the fund is less than

4  $10 million); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1123, 1127 (C.D. Cal. 2008)

5  (holding that attorneys' fees in cases where the fund is below $10 million are often more than

6  25%). Moreover, California federal courts award fees in the 20% to 50% range. *Clayton v.*

7  *Knight Transp.*, 2013 WL 5877213, at *23 (E.D. Cal. Oct. 30, 2013).[8]

8      The goal is to award "reasonable compensation for creating a common fund." *Paul,*

9  *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989).  In reviewing a fee award

10  request, courts consider the following factors: (1) the results achieved; (2) whether there are

11  benefits to the class beyond the immediate generation of a cash fund; (3) the risks of litigation;

12  (4) the skill required of counsel and quality of the work performed; (5) the contingent nature of

13  the fee and the foregoing by counsel of other work; and (6) the reactions of the class. *Vizcaino*,

14  290 F.3d at 1048-50; *In re Toyota Motor Corp.*, 2013 WL 3224585 (C.D. Cal. June 17, 2013).

15  Of these factors, the most significant factor is the "degree of success obtained." *Hensley v.*

16  *Eckerhart*, 461 U.S. 424, 436 (1983).

17      Here, the attorneys' fee award provided for by the Settlement is reasonable, particularly

18  in light of the time and effort expended by Class Counsel.  Attorneys at Lawyers *for* Justice, PC

19  have performed no less than 663.90 hours of work on this matter. Aiwazian Decl., ¶ 20.

20  Applying a reasonable blended hourly rate of $650, the base lodestar is $434,785, and an

21  enhancement of the base lodestar is warranted should this Court follow the lodestar cross-check

---

[7] *Knisley v. Network Assocs.*, 312 F.3d 1123, 1126 (9th Cir. 2002); *Vizcaino*, 290 F.3d at 1048;
*Knight v. Red Door Salons, Inc.*, 2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009).
[8] District courts usually award attorneys' fees in the 30-40% range in wage-and-hour class
actions that result in recovery of a common fund under $10 million. *See Vasquez v. Coast
Valley Roofing, Inc*., 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing recent wage-and-hour
class actions where district courts approved attorneys' fee awards ranging from 30-33%);
*Singer v. Becton Dickinson and Co.*, 2010 WL 2196104, *8 (S.D. Cal. June 1, 2010)
(approving attorneys' fees of one-third of the common fund and holding that the award was
similar to awards in other wage-and-hour class actions where fees ranged from 30.3-40%);
*Romero v. Producers Dairy Foods, Inc.*, 2007 WL 3492841 (E.D. Cal. Nov. 14, 2007)
(recognizing that "fee awards in class actions average around one-third" of the settlement).

14

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

method at the time of considering Plaintiff's contemplated motion for final approval and for, among other things, attorneys' fees. *Id.*, ¶¶ 20-21. Class Counsel litigated this case for over two years, with the possibility of an unsuccessful outcome and no fee recovery of any kind. *Id.*, ¶¶ 10 & 12-15. The ongoing work has been demanding and ultimately successful in achieving a substantial settlement. Given the strengths and weaknesses of the claims and the risk and expense of further litigation, Class Counsel has achieved an excellent result on behalf of the Class Members. Considering the amount of the fees requested, the work performed, and the risks incurred, the allocations for attorneys' fees and costs provided by the Settlement are reasonable and should be awarded. *See Vizcaino*, 290 F.3d at 1051.

## VI.   CERTIFICATION OF THE PROPOSED CLASS IS APPROPRIATE UNDER RULE 23

Class certification under Rule 23(a) is appropriate where the plaintiff demonstrates the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequacy of representation), and one of the three requirements of Rule 23(b). *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). The proposed Class meets all of these requirements.

### A.   Numerosity

A class is sufficiently numerous if it is "so large that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A reasonable estimate of the number of purported class members is sufficient to meet the numerosity requirement." *In re Badger Mountain Irr. Dist. Sec. Litig.*, 143 F.R.D. 693, 696 (W.D. Wash. 1992).

The proposed Class consists of approximately five hundred fifty-six (556) individuals. Aiwazian Decl., ¶ 11. The proposed Class is sufficiently numerous, and joinder of all Class Members would be impractical. *See Mazza v. Am. Honda Motor Co.*, 254 F.R.D. 610, 617 (C.D. Cal. 2008), *rev'd on other grounds*, 666 F.581, 593 (9th Cir. 2012) ("As a general rule, classes of forty or more are considered sufficiently numerous.").

///

///

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### B.    Commonality

A settlement class has sufficient commonality "if there are questions of fact and law which are common to the class." Fed. R. Civ. P. 23(a)(2).  An affirmative showing of at least one question of law or fact satisfies this requirement.[9]  Commonality has been found to exists when there is a common legal issue stemming from divergent factual predicates or a common nucleus of facts leading to different legal remedies.  *Hanlon*, 150 F.3d at 1019.

Courts generally find commonality where "the lawsuit challenges a system-wide practice or policy that affects all of the putative class members[]" and divergent ways in which these practices affect individual Class Members, if any, do not undermine the finding of commonality.[10]  Here, the Class Members seek remedies under California's wage-and-hour laws for violations arising from common, uniform, and systematic practices which applied to all Class Members during the Class Period.  *See* e.g., Aiwazian Decl., ¶¶ 10 & 24-26.  Accordingly, the commonality requirement is satisfied for settlement purposes.

### C.    Typicality

The typicality requirement is satisfied where "the cause of the injury is the same," as here, and the injury claimed by the named plaintiffs are "similar" to that of unnamed class members.  *Armstrong*, 275 F.3d at 868-69.  They need not be "identical." *Id*. at 869.  Here, Plaintiff's claims are typical of those of the Class Members, though some factual differences may exist among them, as the claims arise from the same events or course of conduct and are based upon the same legal theories.  Plaintiff worked as an hourly-paid, non-exempt employee for Defendant.  Danielsson Decl., ¶ 2.  Given the structure of the Settlement, the Class satisfies the typicality requirement for settlement purposes as Plaintiff's claims arise from the same factual basis and are based on the same legal theories as those applicable to all other Class Members. *Welmer v. Syntex*, 117 F.R.D. 641, 644 (N.D. Cal. 1987).

---

[9] *Dukes v. Wal–Mart, Inc.*, 564 U.S. 338, 350 & 359 (2011); *see also Hanlon*, 150 F.3d at 1019 ("All questions of fact and law need not be common to satisfy the rule.").

[10] *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005); *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975), *cert denied*, 429 U.S. 816 (1976).

16

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

### D.    Adequacy of Representation

Rule 23(a)(4) requires that (1) Class Representative fairly and adequately protect the interests of the class, and (2) Class Counsel be qualified and competent to conduct the litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). The requirement "tends to merge with the commonality and typicality criteria of Rule 23(a)."[11] The inquiry turns on whether "the named plaintiffs and their counsel have any conflicts of interest with other class members" and "whether the named plaintiffs and their counsel [will] prosecute the action vigorously on behalf of the class." *Hanlon*, 150 F.3d at 1020

Plaintiff's interests align with those of other Class Members, as she was employed by Defendant within the State of California. Danielsson Decl., ¶ 2. Plaintiff's claims are typical of those of Class Members, which are confined to a limited group of similarly situated employees during the Class Period. Class Counsel is highly experienced in employment class action and complex wage-and-hour litigation, having handled many cases before and having been appointed Class Counsel in many other cases. Aiwazian Decl., ¶ 7. Plaintiff contends that Class Counsel's experience in litigating similar matters was integral to obtaining the Settlement.

### E.    Predominance and Superiority

The proposed Class meets the requirements of Rule 23(b)(3) for settlement purposes because (1) common questions predominate over questions that affect individual members; and (2) class resolution is superior to other available means of adjudication. When assessing predominance and superiority, a court may consider that the proposed class will be certified for settlement purposes only. *See Amchem Prods.*, 521 U.S. at 618-20. Where the matter is being settled, a showing of manageability at trial is unnecessary. *Id*. at 620. At this stage, the relevant inquiry is "whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Id*. at 618-20, 623; *see also Hanlon*, 150 F.3d at 1022.

///

---

[11] *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997); *see also Manual for Complex Litig., Fourth* § 21.132 ("a settlement class must be cohesive").

17

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**

1      Here, the Class is sufficiently cohesive to warrant certification. For settlement purposes,

2 common questions of fact and law affecting Class Members predominate over any questions

3 that may affect only individual members. For example, Defendant's alleged failure to properly

4 pay Class Members for all hours worked and provide compliant meal and rest periods are alleged

5 to arise from Defendant's uniform policies, practices, and procedures. As such, the questions

6 of fact and law relating to these issues predominate. *See* Aiwazian Decl., ¶¶ 25-26.

7      Moreover, a class resolution is superior to other available means for the fair and efficient

8 adjudication of the controversy. *See Hanlon*, 150 F.3d at 1023. The superiority requirement

9 involves a "comparative evaluation of alternative mechanism of dispute resolution." *Ibid*. Here,

10 the alternative method of resolution is individual claims, subject to proof, for relatively small

11 amounts of damages, which would be uneconomical for potential plaintiffs. Therefore, a class

12 resolution is superior to any other available methods.

13 **VIII. ADEQUACY OF THE METHOD OF NOTICE**

14     "Adequate notice is critical to court approval of a class settlement under Rule 23(e)."

15 *Hanlon*, 150 F.3d at 1025. A class notice must be "the best notice that is practicable under the

16 circumstances, including individual notice to all members who can be identified through

17 reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). A class notice is adequate if it "generally

18 describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints

19 to investigate and to come forward and be heard." *Churchill Vill. LLC v. Gen. Elec.*, 361 F.3d

20 566, 575 (9th Cir. 2004). The notice must also be "neutral and objective in tone, and should

21 neither promote nor discourage the assertion of claims." *Schaefer v. Overland Express Family*

22 *of Funds*, 169 F.R.D. 124, 131 (S.D. Cal. 1996).

23     Here, the proposed Class Notice provides the best notice practicable and is adequate. It

24 provides information on, *inter alia*, the nature of the lawsuit, the definition of the Class, the

25 terms of the Settlement, the scope of the Released Claims, the binding effect of the Settlement,

26 the number of Workweeks credited to each Class Member during the Class Period, and his or

27 her estimated Individual Settlement Payment, and the allocations for Attorneys' Fees and Costs,

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   Class Representative Enhancement Payment and Settlement Administration Costs.  The Class

2   Notice summarizes the proceedings and provides the date, time, and place of the Final Approval

3   Hearing, and all of this information is "clearly and concisely state[d] in plain, easily understood

4   language."  Fed. R. Civ. P. 23(c)(2)(B).

5       All Class Members can and will be identified by Defendant through a review of its

6   business records.  After receiving the data from Defendant regarding each Class Member, the

7   Settlement Administrator will mail a Class Notice to each of them.  Settlement Agreement, ¶

8   10.B.[12]  Accordingly, the proposed Class Notice is adequate and is the best notice practicable

9   under Rule 23(c)(2)(B).

10       The Class Notice also fulfills the requirement of neutrality in class notices.  The Class

11  Notice provides a brief, neutral explanation of the case from the perspective of both Parties and

12  recognizes that the Court has not yet granted final approval of the Settlement.[13]  The Class

13  Notice sets forth in an accurate and informative manner the procedures and deadlines governing

14  the submission of Requests for Exclusion, Notices of Objections, and disagreements with the

15  number of Workweeks credited to each Class Member ("Workweeks Disputes").  The proposed

16  Class Notice satisfies all due process requirements and complies with the standards of fairness,

17  completeness, and neutrality.  Accordingly, the Court should approve the proposed Class Notice.

18  ## IX.  APPOINTMENT OF PHOENIX SETTLEMENT ADMINISTRATORS AS THE

19  ## SETTLEMENT ADMINISTRATOR

20       After obtaining and considering bids from competing settlement administrators, the

21  parties selected Phoenix Settlement Administrators (i.e., Phoenix) as the Settlement

22  Administrator to handle the notice and administration of the Settlement. Aiwazian Decl. ¶ 19.

23  Phoenix is well experienced in the administration of class action and PAGA settlements.

24

25  [12] *See Elsen v. Carlisle & Jacqueline*, 417 U.S. 156, 175-77 (1974) (Individual notice by mail
    "is clearly the 'best notice practicable' within the meaning of Rule 23(c)(2)" where "all class
26  members [] can be identified with reasonable effort").

27  [13] See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 174 (1989) ("[C]ourts must be
    scrupulous to respect judicial neutrality" in overseeing the class action notice process and
    "avoid even the appearance of judicial endorsement of the merits of the action[.]").

28

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

Declaration of Michael E. Moore on Behalf of Phoenix Settlement Administrators ("Moore Decl."), ¶¶ 2-4 & 6.  Phoenix will format and print the Class Notice, mail the Class Notice to each Class Member; receive, review, and process Requests for Exclusion, Notices of Objection, and Workweeks Disputes; calculate Individual Settlement Payments; withhold applicable taxes and withholdings; prepare and transmit necessary tax documentation and filings; and transmit all required payments. Aiwazian Decl., ¶ 19.  Phoenix will also handle inquiries from Class Members regarding the Settlement, and perform any other usual and customary duties for administering a class action settlement. *Ibid*.

Settlement Administration Costs are currently estimated not to exceed $15,000, and shall be paid out of the Gross Settlement Amount.  Plaintiff respectfully requests that the Court appoint Phoenix as the Settlement Administrator and direct distribution of the Class Notice in the manner, and based on the proposed deadlines, set forth in the Settlement Agreement and Section X, below.

## X.    DEADLINES FOR NOTICE AND ADMINISTRATION

The Court is respectfully requested to approve the proposed deadlines for the notice and settlement administration process.  Within ten (10) calendar days after Plaintiff files her motion for preliminary approval of the Settlement, the Settlement Administrator will mail the CAFA Notice to the Attorney General of the United States and the Attorney General of the State of California. Settlement Agreement, § 11.  Within twenty (20) business days after entry of an order preliminary approving the Settlement, Defendant will provide the Settlement Administrator with the following information (the "Class Data"): last known full names, last known addresses, last known telephone numbers, and social security numbers (in electronic format) of the members of the Class, and number of Workweeks. *Id*., § 10.A.  Within seven (7) calendar days from receipt of the Class Data, the Settlement Administrator shall: (i) run the names of all Class Members through the National Change of Address ("NCOA") database to determine any updated addresses for Class Members; (ii) update the addresses of any Class Member for whom an updated address was found through the NCOA search; and (iii) mail a

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Class Notice to each Class Member at his or her last known address or at the updated address

2    found through the NCOA search, and retain proof of mailing. *Id.*, § 10.B.  Any Class Notices

3    returned to the Settlement Administrator as undeliverable on or before the Response Deadline

4    shall be re-mailed to the forwarding address affixed thereto. *Id.*, § 10.D.  If no forwarding

5    address is provided, the Settlement Administrator shall make reasonable efforts, including

6    utilizing a "skip-trace," to obtain an updated mailing address within five (5) business days of

7    receiving the returned Class Notice. *Ibid.*  If an updated mailing address is identified, the

8    Settlement Administrator shall resend the Class Notice to the Class Member promptly, and in

9    any event within three (3) business days of obtaining the updated address. *Ibid.*  Class Members

10   to whom Class Notices are re-sent after having been returned as undeliverable to the Settlement

11   Administrator shall have fourteen (14) calendar days from the date of re-mailing, or until the

12   Response Deadline has expired, whichever is later, to mail a Request for Exclusion, Notice of

13   Objection, or Workweeks Dispute. *Ibid.*  Class Notices that are re-sent shall inform the recipient

14   of this adjusted deadline. *Ibid.*

15          Each Settlement Class Member who receives an Individual Settlement Payment must cash

16   or negotiate that check within one hundred and eighty (180) calendar days from the date the

17   Settlement Administrator mails the check. *Id.*, § 5.E.  In the event any Individual Settlement

18   Payment check has not been cashed or negotiated within one hundred and eighty (180) calendar

19   days, the Settlement Administrator shall tender the funds represented by such uncashed checks

20   to the Unclaimed Property Division maintained by the State Controller's Office in the name of

21   the Settlement Class Member whose check is cancelled. *Ibid.*

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT;
MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

## XII.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement; certify the proposed Class for settlement purposes; appoint Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC as Class Counsel; preliminarily approve the allocations for an award of Attorneys' Fees and Costs, Class Representative Enhancement Payment, LWDA Payment, and Settlement Administration Costs; appoint Plaintiff Ruby Danielsson as the Class Representative; appoint Phoenix Settlement Administrators as the Settlement Administrator; approve and direct the mailing of the Class Notice to the Class Members; and schedule a Final Approval Hearing in approximately six (6) months after the hearing on the Court grants preliminary approval.

Dated: November 17, 2021                      **LAWYERS *for* JUSTICE, PC**

By:      /s/ Edwin Aiwazian
         Edwin Aiwazian
         *Attorneys for* Plaintiff

22

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES CASE NO: 3:19-CV-04592-JCS**