Edwin Aiwazian (Cal. State Bar No. 232943)
*edwin@calljustice.com*
Arby Aiwazian (Cal. State Bar No. 269827)
*arby@calljustice.com*
Joanna Ghosh (Cal. State Bar No. 272479)
*joanna@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020 / Fax: (818) 265-1021

*Attorneys for* Plaintiff and the Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS, an unknown business entity; VITALANT, an unknown business entity; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-04592-JCS<br><br>Honorable Joseph C. Spero<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Declaration of Class Counsel (Joanna Ghosh); Declaration of Class Representative (Ruby Danielsson); Declaration of Settlement Administrator (Jarrod Salinas); and [Proposed] Final Approval Order and Judgment filed concurrently herewith]<br><br>Date:         August 19, 2022<br>Time:        9:30 a.m.<br>Courtroom:   F<br><br>Complaint Filed:   March 29, 2019<br>FAC Filed:         June 4, 2021<br>Trial Date:        None Set |

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on **August 19, 2022,** at **9:30 a.m.**, or as soon thereafter as this matter may be heard before the Honorable Joseph C. Spero, whose courtroom is physically located in Courtroom F of the United States District Court for the Northern District of California, at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Ruby Danielsson ("Plaintiff"), will and hereby does move, for an order granting final approval of:

1. The First Amended Stipulation of Settlement of Class Action and Release of Claims ("Settlement," "Agreement," or "Settlement Agreement"), on the grounds that the Settlement is fair, reasonable, and adequate because:

- A Net Settlement Amount of approximately **$1,205,803.18**, will be fully distributed to the Class Members who did not submit a timely and valid Request for Exclusion ("Settlement Class Members");
- **No Notices of Objection** were submitted to the Court; and
- **No Requests for Exclusion** were submitted to Phoenix Settlement Administrators ("Settlement Administrator").

2. Payment in the total amount of **$9,000.00** to the Settlement Administrator, Phoenix Settlement Administrators ("Phoenix"), for the Settlement Administration Fees and Costs;

3. Payment in the amount of **$8,500.00** to Plaintiff Ruby Danielsson, as a Class Representative Enhancement Payment, for her time and effort in representing the Class;

4. Allocation of the penalties under the California Labor Code Private Attorneys General Act of 2004, Labor Code section 2698, *et seq.* ("PAGA"), in the amount of **$250,000.00** ("PAGA Penalties"), of which seventy-five percent (75%) or **$187,500.00** will be paid to the California Labor and Workforce Development Agency ("LWDA Payment"), and twenty-five percent (25%) or **$62,500.00** will be distributed to the Class Members on a *pro rata* basis based on their Workweeks ("Employee PAGA Amount").

///

i

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

1  This motion is based on the following Memorandum of Points and Authorities; the concurrently
2 filed Declarations of Class Counsel (Joanna Ghosh), Class Representative (Ruby Danielsson), and
3 Settlement Administrator (Jarrod Salinas) in support thereof; the pleadings and other records on file
4 with the Court in this matter; and upon such documentary evidence and oral argument as may be
5 presented at or before the hearing on this Motion.

6  Dated: July 25, 2022                    **LAWYERS *for* JUSTICE, PC**

                                By:    /s/ Joanna Ghosh
                                       Joanna Ghosh
                                       *Attorneys for* Plaintiff and the Class

# TABLE OF CONTENTS

I. SUMMARY OF MOTION ..................................................................................1

II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND ............................2

III. SUMMARY OF THE SETTLEMENT TERMS......................................................3

IV. THE SETTLEMENT ADMINISTRATION PROCESS...........................................5

V. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT ..6

    A. The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery................................................................ 7

    B. The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement. ................................................................................................... 9

    C. The Settlement is Fair, Reasonable, and Adequate. ......................................... 11

    D. The Class Was Represented by Competent Counsel. ...................................... 12

    E. There Are No Objections to the Settlement........................................................... 12

VI. THE SETTLEMENT ADMINISTRATION FEES AND COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED …………………………………..13

VII. THE REQUESTED CLASS REPRESENTATIVE ENHANCEMENT PAYMENT IS FAIR AND REASONABLE, AND SHOULD BE APPROVED……………………..13

VIII. CONCLUSION……………………………………………………………………...13

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

iii

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

# TABLE OF AUTHORITIES

**Cases**

*7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135 .................. 7, 12

*Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43 ............................................................................... 6, 7

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 .................................................................... 6, 7, 13

*In re American Bank Note Holographics, Inc., Sec. Litig.* (S.D.N.Y. 2001) 127 F.Supp.2d 418 ........... 11

*In re Omniivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp. 2D 1036 ..................................................... 12

*In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270 ....................................... 14

*Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685 ............................................................. 14

*Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937 ....................................................................................... 12

*Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523 .............................. 12

*Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024 ...... 14

*Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104 . 15

*Smith v. CRST Van Expedited, Inc.* (S.D. Cal. Jan. 14, 2013) No. 10-CV-1116- IEG WMC, 2013 WL 163293 .......... 15

*Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294…………………………… 14, 15

*Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224 ........................................................... 7, 12

**Treatises**

Conte & Newberg, *Newberg on Class Actions* (4th ed., 2002) §11.47 .................................................. 12

iv

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF MOTION

Plaintiff Ruby Danielsson ("Plaintiff") seeks final approval of the First Amended Stipulation of Settlement of Class Action and Release of Claims ("Settlement," "Agreement," or "Settlement Agreement"), entered into by and between Plaintiff and Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific ("Defendant").[1]

The Settlement provides for a Gross Settlement Amount of $2,300,000.00 and seeks relief on behalf of the following class:

> All current and former non-exempt employees of Vitalant working for Blood Centers of the Pacific, BloodSource, Inc., and/or Vitalant at any time during the period from March 29, 2015 to and including October 15, 2020 (the "Class Period"), who worked for Defendant's operations in the State of California at operations and sites formerly known as Blood Centers of the Pacific. Settlement Agreement, ¶ 1.

Plaintiff also moves for final approval of all payments allocated and provided for by the Settlement, to be paid from the Gross Settlement Amount, including and not limited to, Class Representative Enhancement Payment in the amount of $8,500.00 to Plaintiff, attorneys' fees in the amount of $805,000.00 and reimbursement of litigation costs and expenses in the amount of $21,696.82 to Class Counsel ("Attorneys' Fees and Costs")[2], PAGA Penalties in the amount of $250,000.00 of which 75%, or $187,500.00, will be distributed to the State of California's Labor and Workforce Development Agency ("LWDA Payment") and the remaining 25%, or $62,500.00, will be distributed to Class Members ("Employee PAGA Amount") on a *pro rata* basis based on the number of weeks each Class Member worked during the Class Period ("Workweeks"), and Settlement Administration Fees and Costs in the amount of $9,000.00 to the Settlement Administrator, Phoenix Settlement Administrators ("Phoenix"). Settlement Agreement, ¶¶ 4.C(2), 4.C(3), 4.C(4), 4.C(5), 6, 7, 8, & 10.A.

---

[1] A copy of the fully-executed Settlement Agreement is attached as "EXHIBIT 1" to the Supplemental Declaration of Edwin Aiwazian in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Aiwazian Supp Decl.") (Docket No. 72-1).

[2] In the interest of judicial efficiency, and in support of the allocations and requests for Attorneys' Fees and Costs, Plaintiff respectfully refers the Court to Plaintiff's Motion for Attorneys' Fees and Costs, and papers in support thereof, filed on May 23, 2022. (Docket Nos. 74, 74-1, & 74-2).

1
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

The Net Settlement Amount is the amount that will be available for distribution to Class Members who do not submit a timely and valid Request for Exclusion ("Settlement Class Members"). Settlement Agreement, ¶ 1.

The requests for the Class Representative Enhancement Payment, Settlement Administration Fees and Costs, and PAGA Penalties were fully disclosed in the Notice of Class Action Settlement ("Class Notice") that was mailed to the Class Members on May 13, 2022.

The Settlement Agreement is fair, adequate, and reasonable, and is the product of arm's-length, good-faith negotiations by experienced counsel, presided over by a highly regarded mediator experienced in handling complex wage-and-hour class action lawsuits. Most importantly, as of the date of this Motion, *not a single Class Member has objected to any aspect of the Settlement, including the requested Attorneys' Fees and Costs, Class Representative Enhancement Payment, Settlement Administration Fees and Costs, or allocation for PAGA Penalties.*

Accordingly, the Court should grant final approval of the Settlement, and all payments allocated and provided for by the Settlement Agreement, including and not limited to the Class Representative Enhancement Payment and Settlement Administration Fees and Costs.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND[3]

On November 17, 2021, Plaintiff filed the Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") and supporting documents seeking approval of the settlement reached by the parties. (Docket Nos. 66, 66-1, 66-2, 66-3, & 66-4). On January 21, 2021, a hearing was held on Plaintiff's Motion for Preliminary Approval, during which the Court raised multiple points of inquiry with regards to the Motion for Preliminary Approval and ordered supplemental briefing to be filed in support of Plaintiff's Motion for Preliminary Approval by February 25, 2022. On February 25, 2022, Plaintiff filed supplemental papers in support of Plaintiff's Motion for Preliminary Approval. (Docket Nos. 72, 72-1, & 72-2).

---

[3] Pursuant to the Northern District of California's Procedural Guidance for Class Action Settlements, the procedural history set out in Plaintiff's Motion for Attorneys' Fees and Costs filed on May 23, 2022 (Docket No. 74) is not repeated in this Motion.

2
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   On March 3, 2022, Defendant caused the Class Action Fairness Act Notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notice") to be transmitted via Certified Mail on March 3, 2022 to the Office of the Attorney General of the United States Department of Justice, the CAFA Coordinator of the Office of the Attorney General of the State of California, the Office of the Attorney General of the State of Arizona, and the office of the attorney general of all states where Class Members reside (specifically, for the states of Colorado, Florida, Hawaii, Illinois, Massachusetts, Nevada, Oregon, Tennessee, Texas, and Washington). Ghosh Decl., ¶ 4.

On April 8, 2022, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Docket No. 73), thereby preliminarily approving the terms of the Settlement, the Class Notice, and the proposed administration procedures and associated deadlines. On May 23, 2022, Plaintiff filed a Motion for Attorneys' Fees and Costs and papers in support thereof. (Docket Nos. 74, 74-1, & 74-2).

Plaintiff now moves for final approval of the Settlement, Class Representative Enhancement Payment, Settlement Administration Fees and Costs, and PAGA Penalties.

## III. SUMMARY OF THE SETTLEMENT TERMS

Under the terms of the Settlement Agreement, Defendant has agreed to pay a Gross Settlement Amount of $2,300,000.00 on a non-reversionary basis. Settlement Agreement, ¶ 4. Subject to approval by the Court, the Net Settlement Amount will be calculated by deducting the following amounts from the Gross Settlement Amount: (1) attorneys' fees of $805,000.00 and reimbursement of litigation costs and expenses of $21,696.82 to Class Counsel (i.e., Attorneys' Fees and Costs); (2) Class Representative Enhancement Payment of up to $8,500.00 to Plaintiff; (3) $250,000.00 allocated toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Penalties"); and (4) Settlement Administration Fees and Costs in the amount of $9,000.00 to Phoenix. *Id.*, ¶¶ 4.C(2), 4.C(3), 4.C(4), 4(C)5, 5.A, 6, 7, & 8. Assuming the allocations towards these payments are awarded in full, the Net Settlement Amount that will be available for distribution to Settlement Class Members is estimated

3

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

to be $1,205,803.18, and there is no reversion to Defendant.[4]  Phoenix Decl., ¶ 14.

The Settlement Administrator will calculate each Settlement Class Member's *pro rata* share of the Net Settlement Amount ("Individual Settlement Payment"), by dividing the Net Settlement Amount by the total number of Workweeks worked by all Settlement Class Members to yield the "Workweeks Value," and multiplying each Settlement Class Member's individual number of Workweeks by the Workweeks Value. Settlement Agreement, ¶¶ 5 & 5.B.

The Settlement Administrator will calculate each Class Member's *pro rata* share of the Employee PAGA Amount ("Individual PAGA Payment"), by dividing the Employee PAGA Amount by the total number of Workweeks worked by all Class Members to yield the "PAGA Workweeks Value," and multiplying each Class Member's individual number of Workweeks by the PAGA Workweeks Value" to yield his or her Individual PAGA Payment. *Id*., ¶¶ 5 & 5.C.

Class Members had forty-five (45) calendar days from the initial mailing of the Class Notice to dispute the number of Workweeks credited to each of them, opt out of the Settlement, and/or object to the Settlement ("Response Deadline"). Settlement Agreement, ¶ 10.D. The Response Deadline was June 27, 2022. Phoenix Decl., ¶ 9. The Settlement Administrator has not received any written requests to be excluded from the Settlement ("Request for Exclusion") or disputes to Workweeks ("Workweeks Dispute') from Class Members. *Id*., ¶¶ 10 & 11. Additionally, Class Counsel has not received notice of any written objections ("Notice of Objection"). Declaration of Joanna Ghosh in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Class Representative Enhancement Payment ("Ghosh Decl."), ¶ 5.

Individual Settlement Payments will each be allocated as twenty percent (20%) wages, which will be reported on an IRS Form W-2; and eighty percent (80%) penalties, interest, and non-wage damages, which will be reported on an IRS Form-1099. Settlement Agreement, ¶ 5.E. The Individual Settlement Payments will be reduced by the employee's share of payroll taxes and withholding on the wages

---

[4] This amount is higher than the amount stated in Paragraph 14 of the accompanying Declaration of Jarrod Salinas ("Phoenix Declaration" or "Phoenix Decl.") because the Settlement Administrator's calculation assumes that Class Counsel will obtain litigation costs and expenses in the maximum amount of $50,000.00, which is allocated under the Settlement. However, Class Counsel seeks the amount of only $21,696.82 for reimbursement of litigation costs and expenses, and the difference of $28,303.18 will remain part of the Net Settlement Amount.

4
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO: 3:19-CV-04592-JCS**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

portion of the Individual Settlement Payments. *Id*., 4.C(6). Defendant shall pay its portion of all federal, state, and local taxes on the wages portion of Individual Settlement Payments separately and in addition to the Gross Settlement Amount. *Ibid*. Individual PAGA Payments will each be allocated as one hundred percent (100%) penalties, which will be reported on an IRS Form-1099. *Id*., ¶ 5.E.

All Individual Settlement Payment checks issued to Settlement Class Members and any and all Individual PAGA Payment checks issued to Class Members that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the Unclaimed Property Division maintained by the State Controller's Office in the name of the Settlement Class Member and/or Class Member whose check is cancelled. Settlement Agreement, ¶ 5.F. The Settlement Administrator shall mail a reminder postcard by First Class U.S. mail to any Settlement Class Member and/or Class Member whose Individual Settlement Payment and/or Individual Settlement PAGA Payment check has not been negotiated within ninety (90) calendar days after the date of the mailing. *Ibid*.

## IV.   THE SETTLEMENT ADMINISTRATION PROCESS

The Court-appointed Settlement Administrator, Phoenix, has taken all necessary steps to effectuate the notice and settlement administration process, as set forth in the Court's April 8, 2022 Preliminary Approval Order.

On April 8, 2022, Phoenix received a copy of the Court-approved Class Notice from Class Counsel. Phoenix Decl., ¶ 3.

On May 5, 2022, Phoenix received a data file from Defense Counsel that contained the last known full names, last known mailing addresses, last known telephone numbers, Social Security numbers, and Workweeks for each Class Member (collectively, the "Class Data"). *Id*., ¶ 4. The Class Data contained five hundred fifty (550) individuals identified as Class Members. *Ibid*.

On May 10, 2022, Phoenix processed the names and addresses through the National Change of Address Database ("NCOA") and updated the Class Data with any addresses located. *Id*., ¶ 5.

On May 13, 2022, Phoenix mailed the Class Notice via First Class U.S. mail to all five hundred fifty (550) individuals identified as Class Members in the Class Data. *Id*., ¶ 6. As of the date of this

5

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF CASE NO: 3:19-CV-04592-JCS**

Motion, no Class Notices were returned to Phoenix and all Class Notices were considered deliverable. *Id.*, ¶¶ 7 & 8.

As of the date of this Motion, the Settlement Administrator has not received any Requests for Exclusion or Workweeks Disputes from Class Members. *Id.*, ¶¶ 10 & 11. Additionally, Class Counsel has not received notice of any Notices of Objection. Ghosh Decl., ¶ 5.

To date, there are five hundred fifty (550) Class Members who did not submit a timely and valid Request for Exclusion, and are therefore, deemed to be Settlement Class Members. Phoenix Decl., ¶ 12. Pursuant to the terms of the Settlement, the Net Settlement Amount of approximately $1,205,803.18 will be distributed to Settlement Class Members in accordance with the terms of the Settlement. Phoenix Decl., ¶14; see also, n.4, *supra*. The highest Individual Settlement Payment is currently estimated to be $6,593.76 and the average Individual Settlement Payment is currently estimated to be $2,140.91.[5] Phoenix Decl., ¶ 15. The highest Individual PAGA Payment is currently estimated to be $349.99 and the average Individual PAGA Payment is currently estimated to be $113.64. Phoenix Decl., ¶ 17.

## V. THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

The trial court has broad discretion to determine whether a class action settlement is fair and reasonable. *Chavez v. Netflix, Inc.* (2008) 162 Cal.App.4th 43, 52. To determine whether the settlement is fair and reasonable, courts consider relevant factors such as "the strength of plaintiffs' case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining class action status through trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant, and the reaction of the class members to the proposed settlement." *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. "The list of factors is not exclusive and the court is free to engage

---

[5] The actual average and highest Individual Settlement Payments will be larger than the amounts stated in the Phoenix Declaration because the Net Settlement Amount is larger due to Class Counsel's request for reimbursement of litigation costs and expenses in an amount that is less than $50,000.00 (the difference between the amount sought and the amount authorized under the Settlement, i.e., 28,303.18, will be part of the Net Settlement Amount). See n.4, *supra*. Additionally, these amounts are larger than the amounts reported in the Motion for Attorneys' Fees and Costs due to the Settlement Administrator previously using the maximum amount of $15,000.00 allocated to Settlement Administration Fees and Costs under the Settlement prior to the Settlement Administrator calculating its final amount.

6
**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

in a balancing and weighing of the factors depending on the circumstances of each case." *Wershba v. Apple Computer, Inc.* (2001) 91 Cal.App.4th 224, 245. "Due regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk*, *supra*, 48 Cal.App.4th at 1801.

The proponent of the settlement has the burden to show that it is fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 245. At the final approval stage, a presumption of fairness exists where, as here: "(1) the settlement is reached through arm's-length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of objectors is small." *Dunk*, *supra*, 48 Cal.App.4th at 1802. In reviewing a class settlement, the court need not reach any ultimate conclusions on the issues of fact and law that underlie the merits of the dispute. *7-Eleven Owners for Fair Franchising v. Southland Corp.* (2000) 85 Cal.App.4th 1135, 1146. The inquiry is not whether the settlement agreement is the best one that class members could have possibly obtained, but whether the settlement taken as a whole is "fair, adequate, and reasonable." *Chavez v. Netflix* (2008), 162 Cal.App.4th 43, 55. A settlement need not obtain 100 percent of the damages sought in order to be fair and reasonable. *Wershba*, *supra*, 91 Cal.App.4th at 251. Even if the proposed settlement affords relief that is substantially narrower than it would be if the lawsuit was to be successfully litigated, that is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding prolonged litigation. *Id*.

**A.      The Settlement Resulted from Arm's-Length Negotiations Based upon Extensive Investigation and Discovery.**

The parties actively litigated this case since it commenced on March 29, 2019. Both sides used the pre-mediation time period to investigate the veracity, strength, and scope of the claims, and Class Counsel was actively preparing the matter for class certification and trial. Declaration of Edwin Aiwazian in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Aiwazian Decl."), ¶ 5. The parties conducted significant formal and informal discovery and investigation into the facts of the case, and also informally exchanged information and data in preparation for mediation. *Ibid*. Class Counsel conducted a thorough investigation into the facts of the case, including, *inter alia*, interviews with

7

Plaintiff and Class Members, engaged in significant formal and informal discovery, and reviewed and analyzed a large amount of data and documents, including, but not limited to: Plaintiff and other Class Members' employment records, a detailed sampling of Class Members' time data, multiple iterations of Defendant's Employee Handbook, Defendant's Collective Bargaining Agreements, company policy acknowledgements (including, but not limited to, Meal and Rest Period Policy Acknowledgement, Employee Acknowledgement of Receipt of Meal Period and Rest Period Policy, California Meal Period and Rest Breaks Policy Acknowledgement, and Employee Acknowledgement of Receipt of California Policy Regarding Meal Period and Rest Breaks), internal memoranda, job descriptions, new hire orientation checklist, Defendant's operations and employment practices, agreements (including, but not limited to, Revocation of Meal Period Waivers, California Exceptions Record for Missed Meal Period and/or Rest Breaks, California Consent and Agreement for Waiver of Meal Periods, and California Revocation of Meal Period Waivers), forms, procedures, and policies (including, but not limited to, California Meal Period and Rest Breaks Policy, Overtime Compensation policy, and Payroll Time Reports policy), among other information and documents. *Ibid*. Class Counsel propounded multiple sets of discovery requests onto Defendant (specifically, Requests for Production of Documents (Set One); Special Interrogatories (Sets One & Two); and Form Interrogatories – General (Set One)), noticed the depositions of Defendant's Person Most Knowledgeable designees, prepared initial disclosures, and reviewed Defendant's initial disclosures. *Ibid*. The parties also met and conferred on numerous occasions over issues relating to the pleadings, motion practice, jurisdiction, discovery, mediation, settlement negotiations, and the Settlement. *Ibid*.

After the parties actively litigated the case and engaged in extensive discovery and investigation into the facts of the case, on July 16, 2020, the parties participated in a private mediation before Mark S. Rudy, Esq., a well-respected mediator experienced in handling complex wage-and-hour matters. Aiwazian Decl., ¶ 7. Prior to and during the mediation and settlement negotiations, the parties exchanged documents, information and data, and discussed various aspects of the case, including the risks and delay of further litigation, the risks to the parties of proceeding with class certification, representative adjudication, and trial; the law relating to off-the-clock theory, meal and rest periods, representative PAGA claims,

collective bargaining agreements (and related grievance and ADR provisions and exemption and pre-emption issues), and wage-and-hour enforcement; the evidence produced and analyzed; and the possibility of appeals, among other things. *Ibid*. During all settlement discussions, the parties conducted their negotiations at arm's length in an adversarial position. *Ibid*. Arriving at a settlement that was acceptable to both sides was not easy. *Ibid*. Defendant and its counsel felt very strongly about Defendant's ability to prevail on the merits and to obtain a denial of class certification, while Plaintiff and Class Counsel believed that class certification would be obtained and that they would prevail at trial. *Ibid*. After conducting significant formal and informal discovery and investigations, settlement negotiations, and with the aid of the mediator, the parties agreed that this case was well-suited for settlement given the legal issues relating to Plaintiff's principal claims, as well as the costs and risks to the parties that would attend further litigation. *Ibid*.

The Settlement takes into account the strengths and weaknesses of each side's position and the uncertainty of how the case might have concluded at certification, trial, and/or appeals. *Ibid*. Class Counsel interviewed, and obtained information from Plaintiff and other Class Members, reviewed and analyzed a large volume of documents and data obtained from Defendant, Plaintiff, and other sources, and performed significant research into the law concerning class certification, off-the-clock theory, meal and rest periods, representative PAGA claims, wage-and-hour enforcement, Plaintiff's claims, and Defendant's defenses, as well as facts discovered. Aiwazian Decl., ¶¶ 4 & 5. The Settlement was based on this large volume of facts, evidence, and investigation. Aiwazian Decl., ¶¶ 5 & 6. Additionally, Class Counsel has extensive experience in handling complex wage-and-hour matters, including significant experience in employment class action litigation. Aiwazian Decl., ¶¶ 16-19.

**B.   The Risks Inherent in Continued Litigation Favor Final Approval of the Settlement.**

The Settlement, which provides for a Gross Settlement Amount of up to $2,300,000.00, represents a fair, adequate, and reasonable resolution of the case, given the risks inherent in litigating class and representative claims through certification proceedings, trial, and/or appeals. Aiwazian Decl., ¶¶ 7 & 22; Ghosh Decl., ¶ 7. The Settlement was calculated using information and data uncovered

9

through extensive case investigation, formal and informal discovery, and the exchange of information in the context of mediation. Aiwazian Decl., ¶¶ 4-7. Had the case not settled, Defendant would have vigorously challenged class certification, manageability of representative adjudication, and liability. Defendant contended that individualized questions of fact predominate over any common issues, and these issues would pose challenges to certification and representative adjudication. Defendant would have likely argued at trial, if any, that Plaintiff's claims were not appropriate for class-wide and/or representative adjudication. On the other hand, Defendant also faced the risk of the Court certifying a class and allowing a jury to decide Plaintiff's claims on a class-wide or representative basis. Additionally, preparation for trial would have been expensive for all parties.

It is preferable to reach an early resolution of a dispute because such resolutions save time and money that would otherwise go to litigation. If the case had settled after further litigation, the settlement amount would have taken into account the additional costs incurred, and there might have been less money available for the Class Members after all was said and done. This is not just an abstract contention. The risks and expenses of further litigation outweighed any benefit that might have been gained otherwise. These risks of further litigation include a determination that the claims were unsuitable for class treatment and/or representative adjudication, failure to obtain certification, class de-certification after certification of a class, allowing a jury to decide the claims asserted in the case, and the real possibility of no recovery after years of litigation. Additionally, the parties were moving into the phase of the litigation where they would have to conduct significant additional formal discovery, including and not limited to, depositions of Defendant's Person Most Knowledgeable designees, expert witnesses, and percipient witnesses. Discovery disputes would have certainly arisen, which would have cost the parties additional time and money. In contrast, the Settlement provides significant benefits for the Class Members here and now, while avoiding the further expenses, risks, and delay of prolonged litigation with only the possibility of recovery.

It would be grossly inefficient for such a large class of current and former employees to bring individual actions to recover from Defendant for the alleged violations of wage-and-hour laws. Moreover, the potential individual recovery that could be obtained by a Class Member would not be

significant enough to provide him or her with the incentive to sue. By granting final approval of the Settlement, the Court can approve a resolution that provides a certain and substantial recovery for Class Members.

### C. The Settlement is Fair, Reasonable, and Adequate.

The Settlement, which provides for a Gross Settlement Amount of 2,300,000.00, represents a fair, reasonable, and adequate resolution of the case. The Settlement was calculated using information and data uncovered through extensive case investigation, formal and informal discovery, and informal exchange of information and documents in the context of mediation. The Settlement takes into account the potential risks and rewards inherent in any case and, in particular, with this case. Considering the facts in this case, the Gross Settlement Amount represents a considerable recovery.

Even after deducting attorneys' fees in the amount of $805,000.00, litigation costs and expenses in the amount of $21,696.82, Class Representative Enhancement Payment in the amount of $8,500.00, PAGA Penalties in the amount of $250,000.00, and Settlement Administration Fees and Costs in the amount of $9,000.00, the Net Settlement Amount is currently estimated to be $1,205,803.18. Phoenix Decl., ¶ 14; see n.4, *supra*. As discussed in Section III, *supra*, each Settlement Class Member will be paid an Individual Settlement Payment based on his or her number of Workweeks credited to him or her and each Class Member will be paid an Individual PAGA Payment based on his or her number of Workweeks credited to him or her. To date, there are five hundred fifty (550) Settlement Class Members, representing 100% of the Class. *Id*., ¶ 12. The highest Individual Settlement Payment is currently estimated to be $6,593.76 and the average Individual Settlement Payment is currently estimated to be $2,140.91. *Id*., ¶ 15; see n.4, *supra*. The highest Individual PAGA Payment is currently estimated to be $349.99 and the average Individual PAGA Payment is currently estimated to be $113.64. *Id*., ¶ 17. The Individual Settlement Payments are subject to reduction for the employee taxes and withholdings.

At the final approval stage, "[a]n allocation formula need only have a reasonable, rational basis [to warrant approval], particularly if recommended by experienced and competent class counsel." *In re American Bank Note Holographics, Inc., Securities Litigation* (S.D.N.Y. 2001) 127 F.Supp.2d 418,

429-30. The *pro rata* allocation here is a fair and reasonable way to distribute the Net Settlement Amount. In light of the above considerations, Class Counsel believes that the Settlement as a whole is fair, reasonable, and adequate, and in the best interest of the Class. Aiwazian Decl., ¶ 22; Ghosh Decl., ¶ 7. Although the recommendations of Class Counsel are not conclusive, the Court can properly take the recommendations into account, particularly if Class Counsel appear to be competent, have experience with this type of litigation, and significant discovery and investigation have been completed. Conte & Newberg, *Newberg on Class Actions* (4th Ed., 2002) § 11.47; *In re Omnivsion Techs., Inc.* (N.D. Cal 2008) 559 F.Supp.2D 1036, 1043 (citation omitted). Accordingly, the Court should grant final approval of the Settlement.

### D.   The Class Was Represented by Competent Counsel.

Class Counsel has extensive experience in employment class action law and complex wage-and-hour litigation. Aiwazian Decl., ¶¶ 14-19. Lawyers *for* Justice, PC has been appointed class counsel in numerous complex wage-and-hour cases and has recovered millions of dollars for individuals in California. *Ibid*. Both parties' counsel were capable of assessing the strengths and weaknesses of the Class Members' claims against Defendant and the benefits of the Settlement under the circumstances of this case and in the context of settlement negotiations.

### E.   There Are No Objections to the Settlement.

The Settlement has been well received by the Class – ***not a single Class Member has objected to the Settlement***. Ghosh Decl., ¶ 5. In evaluating the fairness, adequacy, and reasonableness of a settlement, courts also consider the reaction of the class to the settlement. *Molski v. Gleich* (9th Cir. 2003) 318 F.3d 937, 953. "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members." *Nat'l Rural Telecomms. Coop v. DIRECTV, Inc.* (C.D. Cal. 2004) 221 F.R.D. 523, 528-29.

California courts have consistently found that a small number of objectors indicates the class' support for a settlement and strongly favors final approval. *Wershba*, *supra*, 91 Cal.App.4th at 250-51 (final approval granted despite 20 objectors); *7-Eleven Owners*, *supra*, 85 Cal.App.4th at 1152-53 (final

12

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

approval granted despite 9 objectors).

Here, the lack of objections speaks volumes about the fairness, reasonableness, and adequacy of this Settlement. Accordingly, the Settlement as a whole is presumed to be fair, reasonable, and adequate, and the Court should grant final approval of the Settlement in its entirety. *Dunk*, *supra*, 48 Cal.App.4th at 1802.

## VI. THE SETTLEMENT ADMINISTRATION FEES AND COSTS ARE FAIR AND REASONABLE AND SHOULD BE APPROVED.

As set forth in the accompanying Phoenix Declaration, the total costs incurred and to be incurred by Phoenix for the notice and settlement administration process are $9,000.00. Phoenix Decl., ¶ 19. The costs incurred and to be incurred include, but are not limited to, expenses for formatting, printing, and mailing the Class Notice to Class Members; conducting a National Change of Address database search prior to mailing the Class Notice to Class Members and performing a skip-trace search on any Class Notices returned as undeliverable; calculating each Settlement Class Member's Individual Settlement Payment and each Class Member's Individual PAGA Payment; distributing Individual Settlement Payments after reduction for required employee-side payroll taxes and withholding on the wages portion to all Settlement Class Members and Individual PAGA Payments to all Class Members as provided in the Settlement Agreement; and performing any other duties necessary to carry out its responsibilities as set forth in the Agreement. *Id.*, ¶ 2.

Accordingly, the Court should grant final approval of payment to Phoenix, a necessary third-party for handling of the notice and settlement process, in the amount of $9,000.00.

## VII. THE REQUESTED CLASS REPRESENTATIVE ENHANCEMENT PAYMENT IS FAIR AND REASONABLE, AND SHOULD BE APPROVED.

The Settlement provides for a Class Representative Enhancement Payment in the amount of $8,500.00 to Plaintiff Ruby Danielsson to be paid in addition to her Individual Settlement Payment and Individual PAGA Payment, to compensate Plaintiff for the time and effort that she expended on behalf of the Class.

///

In determining whether to make service payments, courts consider the following factors: (1) the risk to class representatives in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by class representatives; (3) the amount of time and efforts spent by class representatives; (4) the duration of the litigation; and (5) the personal benefit (or lack thereof) enjoyed by class representatives as a result of litigation. *Van Vranken v. Atlantic Richfield Co.* (N.D. Cal. 1995) 901 F.Supp. 294, 299 (approving $50,000 award to a single class representative). Courts routinely award service awards, which are intended to advance public policy by encouraging individuals to come forward and pursue the rights of a class, and to compensate class representatives for their time, effort, and inconvenience. *Ingram v. The Coca-Cola Co.* (N.D. Ga. 2001) 200 F.R.D. 685, 694, *quoting In Re Southern Ohio Correctional Facility* (S.D. Ohio 1997) 175 F.R.D. 270, 272; *Van Vranken* (N.D. Cal. 1995) 901 F. Supp. at 300; *Razilov v. Nationwide Mut. Ins. Co.,* No. 01-CV-1466-BR (D. Or. Nov. 13, 2006) 2006 WL 3312024, at *4.

The requested Class Representative Enhancement Payment is fair and appropriate because Plaintiff spent a substantial amount of time and effort producing relevant documents and past employment records, and providing the facts and evidence necessary to attempt to prove the allegations. Ghosh Decl., ¶ 6; Declaration of Ruby Danielsson in Support of Plaintiff's Motion for Final Approval of Class Action Settlement and Class Representative Enhancement Payment ("Danielsson Decl."), ¶ 3-4. Plaintiff was available whenever Class Counsel needed her and actively tried to obtain and provide information that would facilitate the pursuit of the claims in this matter. *Ibid.* Plaintiff spent numerous hours speaking with Class Counsel about her claims, describing her work experiences with Defendant, and gathering and reviewing documents. *Ibid.* These services merit the requested Class Representative Enhancement Payment to Plaintiff, who has not received any compensation for her efforts on behalf of the Class Members to date. Danielsson Decl., ¶ 8.

The requested Class Representative Enhancement Payment was fully disclosed in the Class Notice that was mailed to the Class Members. No objections have been made with regards to the requested Class Representative Enhancement Payment. Additionally, the requested Class Representative Enhancement Payment is well within the range of enhancements payments awarded in similar cases. *See, e .g., Van*

14

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CLASS REPRESENTATIVE ENHANCEMENT PAYMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO: 3:19-CV-04592-JCS**

*Vranken v. Atlantic Richfield* (N.D. Cal. 1995) 901 F.Supp.294, 300 (approving incentive awards of $50,000 to plaintiffs as reasonable); *Singer v. Becton Dickinson and Co.* (S.D. Cal. June 1, 2010) 08-cv-821-IEG (BLM), 2010 WL 2196104, at *9 (approving a class representative award of $25,000 as reasonable); *Smith v. CRST Van Expedited, Inc.* (S.D. Cal. Jan. 14, 2013) No. 10-CV-1116- IEG WMC, 2013 WL 163293, at *6 (approving incentive awards of $15,000 to each named plaintiff as "well within the range awarded in similar cases"). Accordingly, it is appropriate and just for Plaintiff to receive $8,500.00 as a reasonable Class Representative Enhancement Payment, in addition to her Individual Settlement Payment and Individual PAGA Payment, for her services in this matter.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant final approval of the Settlement and payments allocated and provided for by the Settlement, including Settlement Administration Fees and Costs and Class Representative Enhancement Payment, in accordance with the Settlement.

Dated: July 25, 2022                              **LAWYERS *for* JUSTICE, PC**

                                         By:    /s/ Joanna Ghosh
                                                Joanna Ghosh
                                                *Attorneys for* Plaintiff and the Class