# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBY DANIELSSON, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>Plaintiff,<br><br>vs.<br><br>BLOOD CENTERS OF THE PACIFIC, a California corporation; BLOOD SYSTEMS, an unknown business entity; VITALANT, an unknown business entity; and DOES 2 through 100, inclusive,<br><br>Defendants. | Case No.: 3:19-cv-04592-JCS<br><br>Honorable Joseph C. Spero<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT**<br><br>Date:            August 19, 2022<br>Time:           9:30 a.m.<br>Courtroom:  F<br><br>Complaint Filed:  March 29, 2019<br>FAC Filed:           June 4, 2021<br>Trial Date:          None Set |

This matter has come before the Honorable Joseph C. Spero, whose courtroom is physically located in Courtroom F of the United States District Court for the Northern District of California, at the San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, on Plaintiff Ruby Danielsson's ("Plaintiff") Motion for Final Approval of Class Action Settlement and Class Representative Enhancement Payment ("Motion for Final Approval").

On April 8, 2022, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (Docket No. 73) ("Preliminary Approval Order"), and thereby preliminarily approved the settlement of the above-entitled action ("Action") in accordance with the First Amended Stipulation of Settlement of Class Action and Release of Claims ("Agreement" or "Settlement Agreement") entered into by and between Plaintiff and Defendant Vitalant, f/k/a Blood Systems, Inc. formerly d/b/a Blood Centers of the Pacific ("Defendant"), which, together with the exhibits annexed thereto set forth the terms and conditions for settlement of the Action ("Settlement").

Having reviewed the Settlement Agreement and duly considered the parties' papers and oral argument, and good cause appearing,

**THE COURT HEREBY ORDERS, ADJUDGES, AND DECREES AS FOLLOWS:**

1.     All terms used herein shall have the same meaning as defined in the Settlement Agreement and the Preliminary Approval Order.

2.     This Court has jurisdiction over the claims of the Class Members asserted in this proceeding and over all parties to the Action.

3.     With respect to the Class and for purposes of approving this Settlement only, this Court finds that: (a) the members of the Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class, and there is a well-defined community of interest among members of the Class with respect to the subject matter of the Action; (c) the claims of Plaintiff are typical of the claims of the members of the Class; (d) a class action is superior to other available methods for an efficient

adjudication of this controversy; and (e) the counsel of record for Plaintiff, Lawyers *for* Justice, PC, is qualified to serve as counsel for the Class. The Class is hereby defined to include:

> All current and former non-exempt employees of Vitalant working for Blood Centers of the Pacific, BloodSource, Inc., and/or Vitalant at any time during the period from March 29, 2015 to and including October 15, 2020 (the "Class Period"), who worked for Defendant's operations in the State of California at operations and sites formerly known as Blood Centers of the Pacific.

4. The Court confirms Edwin Aiwazian, Arby Aiwazian, and Joanna Ghosh of Lawyers *for* Justice, PC as counsel for the Class ("Class Counsel"), and Plaintiff Ruby Danielsson as representative of the Class ("Class Representative").

5. The Notice of Class Settlement ("Class Notice") that was provided to the Class Members, fully and accurately informed the Class Members of all material elements of the Settlement and of their opportunity to participate in, object to or comment thereon, or to seek exclusion from, the Settlement; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the laws of the State of California, the United States Constitution, due process and other applicable law. The Class Notice fairly and adequately described the Settlement and provided Class Members with adequate instructions and a variety of means to obtain additional information.

6. The Court hereby grants final approval to the Settlement and finds that it is reasonable and adequate, and in the best interests of the Class as a whole. More specifically, the Court finds that the Settlement was reached following meaningful discovery and investigation conducted by Class Counsel; that the Settlement is the result of serious, informed, adversarial, and arms-length negotiations between the parties; and that the terms of the Settlement are in all respects fair, adequate, and reasonable. In so finding, the Court has considered all of the evidence presented, including evidence regarding the strength of Plaintiff's claims; the risk, expense, and complexity of the claims presented; the likely duration of further litigation; the amount offered in the Settlement; the extent of investigation and discovery completed; and the experience and views of Class Counsel. The Court has further considered the absence of any objections to and requests for exclusion from the Settlement submitted by Class Members.

1. Accordingly, the Court hereby directs that the Settlement be affected in accordance with the Settlement Agreement and the following terms and conditions.

7. The Court finds that a full opportunity has been afforded to Class Members to make objections to the Settlement and a full opportunity has been afforded to Class Members to participate in the Final Approval Hearing. ~~All Class Members and other persons wishing to be heard have been heard.~~ No Class Members objected or otherwise indicated that they wished to be heard. The Court also finds that Class Members also have had a full and fair opportunity to exclude themselves from the Settlement. Accordingly, the Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by this Final Approval Order and Judgment.

8. The Court determines that all Class Members who did not submit a timely and valid Request for Exclusion to the Settlement Administrator ("Settlement Class Members") are bound by the Settlement.

9. The Court finds that payment of Settlement Administration Fees and Costs in the amount of $9,000.00 is appropriate for the services performed and costs incurred and to be incurred for the notice and settlement administration process. It is hereby ordered that the Settlement Administrator, Phoenix Settlement Administrators, shall issue payment to itself in the amount of $9,000.00, in accordance with the Settlement Agreement.

10. The Court finds that the Class Representative Enhancement Payment sought is fair and reasonable for the work performed by Plaintiff on behalf of the Class Members. It is hereby ordered that the Settlement Administrator issue payment in the amount of $8,5000 to Plaintiff Ruby Danielsson for her Class Representative Enhancement Payment, according to the terms set forth in the Settlement Agreement.

11. The Court finds that the allocations of $250,000.00 toward penalties under the Private Attorneys General Act, California Labor Code section 2698, *et seq.* ("PAGA Penalties"), is fair, reasonable, and appropriate, and hereby approved. The Settlement Administrator shall distribute the PAGA Penalties as follows: the amount of $187,500.00 to the California Labor and Workforce Development Agency, and the amount of $62,500.00 to be

distributed to Class Members on a *pro rata* basis based on their Workweeks, according to the terms set forth in the Settlement Agreement.

12. The Court hereby enters Judgment by which Settlement Class Members shall be conclusively determined to have given a release of any and all Released Claims against the Released Parties, as set forth in the Settlement Agreement and Class Notice.

13. It is hereby ordered that Defendant shall fund the Gross Settlement Amount pursuant to the Settlement Administrator's wire instructions within thirty (30) calendar days following the Effective Date, in accordance with the Settlement Agreement.

14. It is hereby ordered that the Settlement Administrator shall distribute Individual Settlement Payments to Settlement Class Members and Individual PAGA Payments to Class Members within fourteen (14) calendar days following the funding of the Gross Settlement Amount, according to the methodology and terms set forth in the Settlement Agreement.

15. It is hereby ordered that any and all Individual Settlement Payment checks issued to Settlement Class Members and any and all Individual PAGA Payment checks issued to Class Members that are not cashed, deposited, or otherwise negotiated within one hundred eighty (180) calendar days from the date of their mailing will be cancelled and the funds associated with such cancelled checks will be transmitted to the Unclaimed Property Division maintained by the State Controller's Office in the name of the Settlement Class Member and/or Class Member whose check is cancelled. It is hereby ordered that the Settlement Administrator shall mail a reminder postcard by First Class U.S. mail to any Settlement Class Member and/or Class Member whose Individual Settlement Payment and/or Individual Settlement PAGA Payment check has not been negotiated within ninety (90) calendar days after the date of the mailing.

16. After entry of this Final Approval Order and Judgment, the Court shall retain jurisdiction to construe, interpret, implement, and enforce the Settlement Agreement and this Final Approval Order and Judgment, to hear and resolve any contested challenge to a claim for settlement benefits, and to supervise and adjudicate any dispute arising from or in connection with the distribution of settlement benefits.

17. Individualized notice of this Final Approval Order and Judgment is not required to be provided to Class Members. A copy of this Final Approval Order and Judgment shall be posted on the Settlement Administrator's website, which is accessible to Class Members, for a period of at least sixty (60) calendar days after the date of entry of this Final Approval Order and Judgment.

18. It is hereby ordered that within twenty-one (21) days after the distribution of the settlement funds, the parties shall file a Post-Distribution Accounting and post the Post-Distribution Accounting to the Settlement Administrator's website, in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements.

**IT IS SO ORDERED.**

DATE: August 19, 2022

The Honorable Joseph C. Spero, Chief Magistrate Judge of the United States District Court